E. E. ROPES, *Plaintiff in Error,* v. C. W. LANSING AND J. J. CURRY, LATE COPARTNERS DOING BUSINESS UNDER THE NAME AND STYLE OF LANSING & CURRY, *Defendants in Error.*

APPELLATE PRACTICE—FINAL JUDGMENT NECESSARY TO SUPPORT WRIT OF ERROR—DISMISSAL AS TO ONE CO-DEFENDANT NOT A FINAL JUDGMENT.

1. There must be a final judgment to support a writ of error.
2. Where there are two co-defendants to a suit and one of them demurs to the declaration, and upon the sustaining of such demurrer the suit is dismissed as to such demurring defendant, but is still pending as to the other defendant, such order dismissing the case as to such defendant is not such a final judgment as will support a writ of error.

This case was decided by Division A.

Writ of error to the Circuit Court for Volusia county.

The facts in the case are stated in the opinion of the court.

*E. E. Ropes, in pro per.*

No appearance for defendants in error.

PER CURIAM.—The plaintiff in error sued the defendants in error as copartners in an action of assumpsit. The defendants appeared in the suit and thereafter defaults were entered by the clerk against them for want of plea, answer or demurrer.

On September 2nd, 1899, the plaintiff filed his proofs and the clerk entered a final judgment thereon in his favor against C. W. Lansing and J. J. Curry, late copartners doing business under the name and style of Lansing & Curry.

On November 14th, 1899, more than sixty days after the entry of final judgment, the defendant Lansing moved the court to vacate the judgment, which motion the court granted on the same day it was filed, and the defendant Lansing demurred to the declaration. This demurrer was sustained, and the plaintiff amended his declaration. The amended declaration was demurred to by Lansing, and on November 22nd, 1901, the court sustained the demurrer. and dismissed the case as to Lansing.

On April 22nd, 1902, the plaintiff sued out of writ of error to this court. The writ of error was not sued out within six months of the date upon which the court granted defendant Lansing's motion to open up the final judgment against the copartnership (*Einstein's Sons et al. v. Davidson, admx.*, 35 Fla. 342, text 351, 17 South. Rep. 563), but was taken within six months from the date on which the court dismissed the case as to Lansing, and that judgment doubtless was the basis upon which the writ of error issued. This, however, was not a final judgment, as the case was still pending as to Curry, so far as this order could affect the status of the parties. *Hohorst v. Hamburg-American Packet Co.*, 148 U. S. 262, text 264, 13 Sup. Ct. Rep. 590, and cases therein cited.

The writ of error is dismissed at the cost of the plaintiff in error.

TAYLOR, C. J., and HOCKER and SHACKLEFORD, JJ., concur.

CARTER, P. J., and MAXWELL and COCKRELL, JJ., concur in the opinion.