HARRISON REED AND CATHERINE HARRIET REED, HIS WIFE, *Appellants,* v. MENDEL CROMER, *Appellee.*

Opinion Filed November 8, 1923.

An appeal from a chancery order or decree must be taken within six months from the date of the entry of the order or decree; at the expiration of that time, if the right of appeal has not been exercised, it is extinguished by the statute, and it is not a matter that can be waived by appellees, either expressly or impliedly.

This case was decided by Division A.

A motion to dismiss an appeal from Broward County.

Motion to dismiss granted.

*Gramling & Clarkson,* for motion;

*Bart A. Riley,* contra.

BROWNE, J.—This is a motion to dismiss an appeal, because it was made returnable on a date more than ninety days after the date of the filing and recording of the entry of appeal.

The appellants concede that "it was inadvertently made returnable to the 5th day of July, A. D. 1923, a period of ninety-four days."

It is strongly contended by the appellants, in an exhaustive and well reasoned brief, that this is a defect that can be waived by the appellee, under the circumstances shown by the record.

Writs of error and appeals in chancery are matters of right. Sections 2908 and 3167 Revised General Statutes, 1920. The date to which a writ of error must be made returnable, is fixed by the same statute that makes the writ of error a matter of right.

Section 3173, Revised General Statutes, 1920, provides that: "The provisions of law relating to writs of error governing the filing of transcripts of record, and proceedings thereon, * * * shall be applicable to appeals in chancery;" and this court has said, "Appeals in chancery are by statute without exception required to be made returnable 'more than thirty days and not more than ninety days from the date of the' entry of the appeal, and an appeal made returnable more than ninety days from its entry will be dismissed."

An appeal from a chancery order or decree must be taken within six months from the date of the entry of the order or decree. Sec. 3168, Rev. Gen. Stats. 1920. This does not affect the right of appeal, but merely requires litigants to bring their cases before the appellate court within a reasonable time, in order that litigation may be finally disposhed of, and not drag on interminably.

At the expiration of six months, if the right of appeal has not been exercised, it is extinguished by the statute, and it is not a matter that can be be waived by appellees, either expressly or impliedly.

The law also provides that in taking an appeal the return day must be not more than ninety days from the date of the entry of the appeal. This is a legislative requirement which this court cannot change or modify. It is the only way in which the case can get before this court, and become subject to its rules or orders.

If the statute is complied with and the appeal made returnable within ninety days, this court acquires jurisdiction and may then make such orders as may be advisable.

It is contended by appellants that this requirement of the statute can be waived by the appellee. If this could be done, either expressly or impliedly, it follows that this court could permit it to be done, by its order, and upon an application to this court for an appellant to be allowed to make his appeal returnable more than ninety days from the date of the entry of the appeal, that this court could so order upon good cause shown. In other words, that by application to this court the statutory requirement that an appeal shall be made returnable within ninety days of the date of the entry of the appeal, can be changed by order of this court. It is apparent that we have no such power, and it would be a strange doctrine that would permit parties litigant to waive a statutory requirement, which the court itself would have no authority to change or modify by its order.

The latest decision of this court on this subject is that of DeBogory v. Hafleigh, 81 Fla. 631, 88 South. Rep. 470, where we said: ''Where an appeal to the Supreme Court is made returnable in violation of the statute so as to be void and to confer no jurisdiction of the subject-matter upon the Supreme Court, the appearance of the appellee cannot of itself give the court jurisdiction of the subject-matter of the appeal, and such an appeal so taken should be dismissed by the Court *sua sponte.* Griffith v. Hender-

son, 52 Fla. 507, 42 South. Rep. 705; Anderson v. State, 73 Fla. 86, 74 South. Rep. 6.''

This follows a long line of decisions to the same effect, and the rule seems firmly established in this State.

The only question involved in this hearing, that has not been expressly decided by this court, is whether the statutory requirement under consideration may be waived by the appellee, either expressly or impliedly, and this we now hold cannot be done.

The motion to dismiss the appeal is granted.

TAYLOR, C. J., AND ELLIS, J., concur..

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur in the opinion.