G. S. SIRMAN, doing business as Tropical Awning Shutter Company, not inc., R. S. EVANS, LITTLE RIVER BANK AND TRUST COMPANY, a corporation, and FLORIDA TRUST COMPANY AT MIAMI, a corporation, v. S. A. CONKLIN.

17 So. (2nd) 298                                    January Term, 1944
March 24, 1944                                      Special Division A

*Knight & Green,* for petitioners.

*Frank L. Butts,* for respondent.

BROWN, J.:

On December 14, 1943, the Court made an order denying defendants' motion to dismiss plaintiff's amended bill of complaint, and to strike parts thereof; which order was recorded December 16, 1943.

To this order defendants filed notice of appeal on January 4, 1944, which was recorded January 5, 1944, and an order for supersedeas until the appeal was determined by the Supreme Court was also entered. (Assignments of error and directions to the clerk were not filed until after the ten days provided by Rule 11, nor was the transcript of record filed here within the time provided by Rule 12.)

*Appeal* was *not* the proper method of invoking appellate review of the *interlocutory* order of December 16, 1943. Supreme Court Rule 34, effective April 1, 1942, provides for the review of interlocutory orders and decrees by certiorari *in the manner* provided by the rules relating to constitutional writs of certiorari, which are Rules 27 and 28. Appeal *is,* however, still the proper method of invoking appellate review of final decrees. Certiorari under Rule 34 is not to be confused with the common law writ of certiorari which this Court is authorized to grant by Section 5 of Article V of the Constitution, although *the manner or method* for invoking appellate review of interlocutory orders under Rule 34 is the same as that provided in Rules 27 and 28 relating to applications for certiorari and all the common law writs which this Court has the power under the Constitution to grant. See Rules 34, 27 and 28; also Saffran v. Adler, 12 So. (2nd) 124, 152 Fla. 405.

The defendants below must have realized that fact that they had adopted the wrong method of invoking review by this Court of the interlocutory order recorded on December 16, 1943, because the attempted appeal was apparently abandoned and on February 29, 1944, they filed in this Court a

petition for certiorari under our Court Rules 34 and 27. Of course common law certiorari did not lie, as the order attacked was not a final adjudication, but an interlocutory order, and another adequate remedy for appellate review under Rule 34 was available.

But this petition for rule-certiorari was not filed here until February 29, 1944, to review an order granted by the lower Court on December 16, 1943, which was beyond the sixty day period allowed by the statutes. See Sections 59.08 and 67.03, Fla. Stats., 1941.

We have held that the *right* to appellate review by this Court is *granted* by the statute, while Rule 34 relates only to the manner or method of its exercise (Greater Miami Development Corp. v. Pender, 142 Fla. 390, 194 So. 867, but the time within which appellate review can be invoked is statutory and jurisdictional, and cannot be waived by the appellees or respondents. Reed v. Cromer, 86 Fla. 390, 98 So. 324. Of course, all interlocutory rulings and orders in chancery are reviewable on an appeal duly taken from a final decree. See Section 67.02 F.S. 1941.

It follows that the petition for certiorari must be and is hereby

Dismissed.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.