JOHN D. PENNEKAMP and THE MIAMI HERALD PUBLISHING COMPANY, v. THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR DADE COUNTY, FLORIDA.

IN RE: JOHN D. PENNEKAMP and THE MIAMI HERALD PUBLISHING COMPANY.

21 So. (2nd) 41            January Term, 1945

February 27, 1945            Division A

*Milam, McIlvaine & Milam, Edward E. Fleming* and *Elisha Hanson* (Washington D. C.), for appellants.

*J. Tom Watson,* Attorney General, and *George M. Powell,* Assistant Attorney General, for appellee.

ADAMS, J.:

John D. Pennekamp and The Miami Herald Publishing Company were found in contempt of court by Judges Paul D. Barns and Marshall Wiseheart in that they had published cartoons and editorials derogatory to the court. The sentence was that Pennekamp pay a fine of $250.00 and The Miami Herald Publshing Company pay a fine of $1000.00. Said sums to be paid into the Dade County Fine and Forfeiture Fund and in default of payment an execution issue for same.

Doubt as to the proper method to review the judgment prompted them to enter an appeal and at the same time to apply for a writ of certiorari. Several motions are now before us. One by the state to dismiss the appeal. Another by the appellants to consolidate the appeal and petition for certiorari and another to defer ruling on the motion to dismiss until final hearing.

The primary question is which is the proper method to review the judgment and should we decide the question now or wait until final hearing? We see no reason to delay deciding

the question but on the contrary think it should be settled first.

We are without precedent in Florida on this question, inasmuch as we have reviewed no judgment in contempt like this. The rule is, that ordinarily certiorari will not lie where there is another adequate remedy. Kilgore v. Bird, 149 Fla. 570, 6 So. (2nd) 541.

Heretofore we have reviewed judgments in contempt by habeas corpus. Such remedy is not applicable to this case inasmuch as the judgment does not detain the appellants. Contempt proceedings are criminal in nature. Rule 37 of this Court provides that appeals shall be taken in criminal cases in conformity to Section 290, Florida Criminal Procedure Act.

We hold that appeal is the proper method to review the judgment. The motion to dismiss the appeal is denied.

So ordered.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.