TERRELLv Justice.
.Fellowship Foundation, Inc., is a Florida corporation, not for profit. West Virginia Training School is a West Virginia Corporation, authorized to do business in Florida, through a designated resident agent, Clarence A. Maddy. B. M. and Anna S. Soule brought this action • against Fellowship Foundation, Inc., to recover on a promissory note, endorsed by West Virginia Training School. The note was executed by C. A. Maddy, President of Fellowship Foundation, Inc. The complaint alleged the designated resident agent of West Virginia Training School to be “Clarence A. Maddy-whose address is % Thacker and Thacker, Attorneys at Law, Thacker Building, Kissimmee, Florida.” A motion to dismiss on the part of West Virginia Training School was denied; default judgment was entered-against the movánt who suffered a final judgment to be ' entered against it. Later summary judgment was entered against Fellowship Foundation, Inc. The joint defendants have appealed from both the summary judgment and -the final judgment entered in the cause.
Several questions are urged for determination but the only material one is that challenging the jurisdiction of the Circuit Court on the ground that service of process was not secured on defendant West Virginia Training School.
It appears that there were two judgments entered by the trial court.' The first was entered February 19, 1954, 'pursuant to default by West Virginia Training School. The second -was entered August 17, 1954, against'Fellowship Foundation, Inc. Appellants seek review of both judgments by notice of appeal filed October 16, 1954. As to.West Virginia Training School, it is apparent that the appeal was not taken within 60 days from entry of the judgment appealed from as required by Sec. 59.08, Florida Statutes, F.S.A. See also Donin v. Goss, Fla., 69 So.2d 316, and Dustin v. Latzko, 155 Fla. 824, 21 So.2d 904.
It follows that this court did not acquire jurisdiction of West Virginia Training *629 School and being so, there is no theory-under which we would be authorized to' explore and adjudicate the first or main question raised. As to Fellowship Foundation, Inc., the questions raised are without merit and are not discussed.
Affirmed.
DREW, C. J., HOBSON, J„ and' STANLY, Associate Justice, concur.