DREW, Justice.
The State has moved to dismiss this petition for writ of certiorari because of the failure of the petitioner to comply with certain provisions of the statutes and rules of this Court in connection with the review of decisions of the district court by certiorari.
The following relevant dates are important to an understanding of the issues presented and the reasons why the State’s motion to dismiss must be granted:
Opinion and judgment of District Court, filed September 16, 1958;
Petition for rehearing of District Court’s opinion and judgment, filed September 26, 1958;
Order denying petition for rehearing, filed October 17, 1958;
Petition for writ of certiorari filed in this Court December 19, 1958.
Attached to the State’s 'motion to dismiss is a certificate of the clerk of the district court that neither the appellant nor his counsel filed a notice of intention to apply to the Supreme Court of Florida for a writ of certiorari.
Under the statutes of this State and the rules of this Court[1] applications *32 for writ of certiorari must be filed in this Court within sixty days from the rendition of the decision, order, judgment or decree sought to be reviewed. Such requirement is jurisdictional.[2] A decision of the district court is deemed to have been “rendered”, in the event of the filing of a timely and proper petition for rehearing, as of the date said petition is disposed of.[3] Assuming that the petition for rehearing was “timely and proper” under the rule, more than sixty days elapsed between the date the petition was denied and the filing of the application for certiorari in this Court.
Failure of the Bar to observe the distinct requirements of the rules of this court prescribing the practice and procedure in the courts of this State[4] and the failure of the courts to enforce them will inevitably lead to a breakdown in the orderly, efficient and speedy administration of justice.
This observation does not imply that every failure to comply with such rules should, ipso facto, result in a dismissal of an appeal or certiorari proceeding. It does mean, however, that flagrant or substantial failure to observe such requirements may, in the exercise of sound judicial discretion, justify such course. The burden of showing that a failure to observe the requirements was excusable is always upon the one who is making the assertion.
It is not inappropriate to recall that this Court many years ago observed:[5]
“ * * * scientific administration of justice can never be accomplished in disregard of rules of procedure which have for their purpose a clear and definite presentation of an issue of law or fact. 'Justice,’ as the term is understood and applied in the courts to the transaction of business among men, is governed by rules of conduct and legal procedure to which those who seek it must conform to the end that the elements of which it consists in the particular case may be clearly stated, * *
The motion to dismiss is granted and the petition is hereby
Dismissed.
TERRELL, C. J., and ROBERTS, THORNAL and O’CONNELL, JJ., concur.

. Florida Appellate Rule 4.5, subd. c.(1), 31 F.S.A., reads as follows:
"Petition to Be Supported ~by Transcript and Brief. Application for writ of certiorari shall be by petition filed in the Court within 60 days from the rendition of the decision, order, judgment or decree sought to be reviewed. Unless otherwise ordered by the Court, it shall be accompanied by a certified transcript of the record of the proceedings tbe petitioner seeks to have reviewed or so much thereof as is essential. Unless shown by the respondent or his attorney to be necessary, no other record shall be required. The petition shall contain a concise statement of the cause and the reasons relied on for granting the writ. It shall be accompanied by a supporting brief prepared as provided by Rule 3.7.”
*32 Section 59.08, Florida Statutes, F.S.A., reads as follows:
"Time for talcing appeals or filing petitions for certiorari. Appeals, including petitions for review by certiorari, or proceedings in the nature of certio-rari, shall be taken or filed within sixty days from and after the entry of the order, decision, judgment or decree, appealed from.”

. Reed v. Cromer, 1923, 86 Fla. 390, 98 So. 329; Palmer v. Gulf Fertilizer Co., 1937, 127 Fla. 61, 172 So. 488; Sirman v. Conklin, 1944, 154 Fla. 304, 17 So.2d 298.

. Florida Appellate Rule 1.3.

. Article V, Section 3, Florida Constitution, F.S.A.

. Sikes v. Dade Lumber Co., 1929, 98 Fla. 451, 123 So. 918, 919.