138 So.2d 390 (1962)
EVIN R. WELCH & CO., Inc., Appellant,
v.
Norman W. JOHNSON et al., Appellees.
Nos. 2774, 2775.
District Court of Appeal of Florida. Second District.
February 21, 1962.
Rehearing Denied March 16, 1962.
Norman C. Roettger, Jr., Fleming, O'Bryan & Fleming, Ft. Lauderdale, for appellant.
Berryhill, Leaird, Avery & Law, Ft. Lauderdale, and Scott, McCarthy, Preston, Steel & Gilleland, Miami, for appellees.
ALLEN, Judge.
The appellees have moved to dismiss this appeal. The motion involves the finality of a "split" judgment against less than all of the defendants in a case. We must determine whether such a judgment is final so as to confer appellate jurisdiction. The fact that the "partial" judgment in the instant case is summary is of no moment because the problem applies to all split judgments, whatever the variety.
So much of the record and briefs as has been filed in this court reveals that plaintiff-appellant was suing both the seller and the purchasers of land for the recovery of a broker's commission. The two purchasers moved to dismiss the complaint as to them and then moved for summary judgment which was granted. In his main brief plaintiff-appellant admits that his complaint was defective as to the defendant purchasers in that ordinarily purchasers are not liable to the seller's agent for a broker's commission and that in this case plaintiff was the seller's agent. However, he contends that on discovery he unearthed a civil conspiracy between the seller and purchasers to deprive him of his commission and that had he been permitted to amend his complaint to show said conspiracy the complaint would have withstood the demurral test. Plaintiff therefore contends on appeal that since the lower court did not rule on the outstanding motion to dismiss, it committed error by granting summary judgment as to the two purchasers rather than dismissing the complaint with leave to amend. The seller, of course, remains as a defendant in the cause in the lower court.
The authorities are not clear as to the finality of such split judgments. In 12 Miami L.Rev. 541, at 543, it is stated:
"* * * Much confusion has existed for a long time as to what is a final judgment or decree for appellate purposes. This confusion has arisen generally under varying circumstances where there are multiple parties and multiple claims, single parties and multiple claims, single claims and multiple parties, and where the liability is joint and where the liability is severable. For appellant purposes, appeals have been dismissed for the lack of *391 finality, although the judgments entered appeared to be final in form and substance. These judgments were found not to be final until the case was adjudicated at to all parties. However, in other cases, where the judgments and decrees were entered as final in form and substance and the aggrieved parties delayed the appeal until final adjudication as to all the parties, the appeals were dismissed as being too late." (Emphasis supplied.)
An example of such a "split" judgment which the Florida Supreme Court treated as "final in form and substance" as to the first of two judgments is Fellowship Foundation, Inc., v. Soule, Fla. 1956, 85 So.2d 628. In that case the lower court had first rendered a default judgment against the endorser and later entered a summary judgment against the maker in a suit on a promissory note. Both defendants then appealed. As to the default judgment against the endorser the Court held that the time within which an appeal could be brought began to run at the time said default judgment was rendered. The endorser's appeal was dismissed, not having been brought within 60 days of the default judgment against him.
In Florida there is no rule corresponding to Federal Rule Civ.Proc. 54(b), 28 U.S.C.A. which serves to render final a split judgment in cases involving multiple claims or multiple parties if the trial court earmarks the judgment as final by expressly determining that there is no just reason for delay and expressly directing the entry of judgment.
In the case of Ropes v. Lansing, 1903, 46 Fla. 231, 35 So. 863, the plaintiff had sued two co-partners in assumpsit. On demurrer, the case was dismissed as against one defendant and plaintiff appealed. The Court held that since the cause was still pending against the other defendant the judgment was not final and could not support a writ of error.
In Cone v. Benjamin, 1940, 142 Fla. 604, 195 So. 416, an equity case, the question before the court was whether a dismissal of a bill for want of equity affecting only four of several defendants was interlocutory and reviewable by certiorari or a final decree and reviewable by appeal. The Court held the "order or decree" of dismissal to be interlocutory because it did not dispose of the whole matter in controversy between the parties.
In another equity case, Chisholm v. Coconut Grove Exchange Bank, 1940, 144 Fla. 770, 198 So. 703, the question again was whether the proper appellate remedy was appeal or certiorari. The suit had been filed against a bank and another to enjoin a sale of pledged securities. The lower court dismissed the complaint as to the bank and plaintiff both appealed and petitioned for writ of certiorari. The Court held that the dismissal as to one of two defendants was in effect a final decree but technically was an interlocutory order since the cause remained undisposed of on the record as to the other defendant. The appeal was dismissed and the cause disposed of on petition for writ of certiorari.
In Crenshaw Bros. Produce Co. v. Harper, 1940, 142 Fla. 27, 194 So. 353, a personal injury action at law against plaintiff's employer and a railroad as joint tort-feasors, the jury returned a verdict in favor of the railroad and against the employer. The lower court rendered judgment against the employer without disposing of the case against the railroad and the employer appealed. The Court held that it could entertain the employer's appeal especially since the lower court had subsequently amended its judgment nunc pro tunc so as to dispose of the case against the railroad. The Court stated, however, that even had the nunc pro tunc order not been entered, the appeal by one codefendant while judgment was pending against the other codefendant could be entertained.
"* * * At most, a writ of error taken to the judgment by the only defendant against whom the judgment was rendered, makes the co-defendant *392 in whose favor such judgment was rendered only a proper and not a necessary party."
The Court then alluded to the rule of non-contribution between joint tort-feasors apparently to show that a judgment for or against the railroad could not effect the employer's adjudicated liability.
In Hillsboro Plantation v. Plunkett, Fla. 1951, 55 So.2d 534, another negligence action against an employer and a third party as joint tort-feasors, the jury returned a verdict in favor of both defendants. Plaintiff's motion for new trial was granted as to the third party and denied as to the employer on the ground that its liability to plaintiff was exclusively under the Workmen's Compensation Act. The third party tort-feasor appealed from the grant of the new trial under § 59.04, F.S.A., and plaintiff "cross-appealed" from the denial of the motion for new trial as to the employer. The employer filed a motion to dismiss the cross-appeal on the grounds that the judgment in its favor was interlocutory and would not become final and appealable until the case against the third party was finally disposed of. The Court stated that the defendants were charged with distinct acts of negligence and that the jury had the right to find that the separate acts of negligence of each defendant operating concurrently, resulted in the injuries complained of; or that the negligence of one or the other of the defendants was the sole cause of the injuries; or, that neither defendant was responsible. The Court then stated at page 536 of 55 So.2d:
"* * * and it would appear that, under the authority of Crenshaw Bros. Produce Co. v. Harper, 142 Fla. 27, 194 So. 353, 359 [supra], a judgment on a verdict of not guilty as to Florida Power [employer] would have been appealable by Plunkett [plaintiff] even in the absence of entry of final judgment on a verdict against Hillsboro [3rd party]  and, by analogy, in the absence of entry of final judgment because of the granting of a new trial as to Hillsboro." (Bracketed portions added.)
The Court then gave another reason why the judgment against the employer should be deemed final. That reason was that the motion for a new trial as to the employer had been denied on an issue separate and distinct from any involved in the negligence action  said issue being whether or not the claim against the employer was governed exclusively by the Workmen's Compensation Act.
The Court held that the judgment against the employer was final to support the cross-appeal because it terminated the litigation between plaintiff and employer on the merits and left nothing to be done in the way of further judicial labor. The Court then indicated the real reason for its decision by stating that inconvenience and injustice would result from postponing a decision on the cross-appeal until a final determination of the cause against the third party. It would be possible for a third trial to result after the new trial against the third party if the cross-appeal were dismissed, the Court noted. Whereas, if the appeal were entertained, one of two things could happen: 1) a reversal of the judgment in favor of the employer would result in a joint retrial with that against the third party or 2) an affirmance of the judgment in favor of the employer would put an end to the litigation between it and the plaintiff.
Annotations in 80 A.L.R. 1186 and 114 A.L.R. 726 and 729 indicate that the general rule on split judgments as to multiple parties is to the effect that such judgments are not severable and an appeal will not lie against one defendant while the case remains undisposed of in the lower court as to other defendants. This rule is riddled with exceptions, however, which permit an appeal from a judgment affecting less than all defendants when the interests of the defendants are unconnected. A split judgment has been said to be final and appealable if it is shown that the outcome of the appeal will not affect *393 the interests of those parties remaining in the cause in the lower court, or, conversely, if the outcome of the proceedings pending below will not affect the interests of the parties to the appeal. See Attorney General v. Pomeroy, 1937, 93 Utah 426, 73 P.2d 1277, 114 A.L.R. 726. Adherence to such a proposition necessarily requires the appellate court to consider all the possible results from an appeal before deciding whether the split judgment appealed from is appealable. This of course produces countless appellate dilemmas which doubtless prompted Professor Moore in Volume 6 of his treatise on Federal Practice to state in § 54.43 [4] at p. 289:
"* * * The Federal Rules have proved very successful at the district court level because they are flexible and repose broad discretionary powers in the district courts that administer them. Something akin to that flexibility is needed at the level of the courts of appeals in determining what judicial business should come before them from the district courts. Rigid rules simply will not work well. And courts of appeals are spending far too much time in determining whether they have jurisdiction of a particular appeal. It could be better spent in deciding appeals on the merits. The doctrines of finality, competing and qualifying doctrines, and the doctrines concerning interlocutory appeals now remind one of the mass of refined pleading rules which ruled English trial practice a hundred years ago. Baron Parke would be as charmed with current, federal appellate doctrine as he was delighted with the English common law procedure. We have come a long way from his delight by replacing the rigid and refined common law procedural rules with a set of district court rules that make technicalities unimportant. It is time to abandon the common law charm at the intermediate appellate level. And this can be done by supplementing the final judgment rule with discretion."
The principles enunciated in the Crenshaw and Hillsboro cases, supra, would seem to permit the appeal from the split judgment in the instant case. As noted previously this appeal is only between the plaintiff broker and defendant purchasers, the defendant seller remaining in the cause in the lower court. All the appeal is concerned with is whether or not plaintiff should have been permitted to amend his complaint to bring the purchasers in as conspirators with the seller. Whether plaintiff can amend against the purchasers or not cannot affect the status of the seller in the cause. If this court affirms the lower court then the matter is at an end between plaintiff and purchasers. If it reverses, then the purchasers are simply remanded to the status of joint and several defendants with the seller. If the appeal is not entertained, multiple trials could result.
It is our view that the two equity cases, Cone v. Benjamin and Chisholm v. Coconut Grove Exchange Bank, supra, which held that dismissals against less than all defendants were not final, need not be deemed controlling. These cases were not concerned with the propriety of appellate review but only with the style thereof, to-wit: appeal or certiorari. These cases did not decide questions involving the relative convenience or hardship to the litigants involved should appellate review be permitted or refused.
The only action at law previously cited as precluding appellate review of a judgment against less than all defendants is Ropes v. Lansing, supra, which involved a suit against copartners in assumpsit. The opinion does not disclose the real appellate issue between the parties to the appeal. It can be assumed, however, that if the appeal concerned partnership liability then the refusal to hear it was proper until the liability of both partners was determined.
As aforesaid, the only question between the parties to the instant appeal is procedural  whether the appellant should have been permitted to amend his complaint before *394 summary judgment was entered against him. The determination of such a question cannot have any significant effect on the proceedings still pending below against the remaining defendant. If the decision of this court should ultimately be that the amendment to appellant's complaint should have been permitted, it would seem that the appeal at this time is essential.
The instant case arose at law. The Crenshaw and Hillsboro cases, supra, also at law, are authority to permit the instant appeal as a matter of appellate court discretion in determining whether the entertaining of the appeal will serve most expeditiously the interests of the litigants and the efficient administration of justice.
Furthermore, Fellowship Foundation, Inc., v. Soule, supra, which held that the time within which an appeal could be brought from the first of two judgments entered respectively against two defendants began to run on the day said first judgment was entered, is authority requiring the instant appeal.
The motion to dismiss the appeal is denied.
SHANNON, C.J., and WHITE, J., concur.