HORTON, Judge
(dissenting).
I respectfully dissent from the opinion and conclusion reached by the majority in this case.
If the question here was one permitting the application of equitable principles and fair play, I would be constrained to join the majority. The question, however, is narrow and well-defined. It involves the jurisdiction of a constitutional court of defined powers to hear and determine an appeal from a criminal judgment and conviction, when admittedly the catalyst that activates jurisdiction (the filing of a notice of appeal in the office of the clerk of the trial court) was not received until long after the time prescribed by the statute and rules of appellate procedure.[1] If jurisdiction cannot be conferred by consent of the parties upon a willing court, how can it be said that a willing court could, by the expedient of extenuating circumstances acquire jurisdiction?[2]
If the statute or appellate rule prescribing the time within which an appeal must be taken was ambiguous or permitted more than one construction, certainly that doubt should be resolved here in favor of the appellant. However, I conclude from examination of the statute, the appellate rules and the authorities construing the same, that no doubt exists and no extenuating circumstances can excuse the failure to file a notice of appeal in the office of the clerk of the trial court within the time prescribed. If it were otherwise, then timely filing would not be jurisdictional or mandatory, but only directory. It should be borne in mind that the Supreme Court, in the Ra-magli case, succinctly pointed out that it was the legislature of this state which had prescribed the periods of time allowed in which to obtain review of final judgments and decrees of trial courts; that this was a power possessed only by the legislature, and, being solely a legislative function, was not a judicial one. This same philosophy was expressed by the same court in Reed v. Cromer, 86 Fla. 390, 98 So. 329, when it said :
“This is a legislative requirement which this court cannot change or modify. It is the only way in which the case can get before this court and become subject to its rules or orders. If the statute is complied with * * * this court acquires jurisdiction, and may then make such orders as may be advisable. It is contended by appellants that this requirement of the stat- ' ute can be waived by the appellee. If this could be done, either expressly or impliedly, it follows that this court could permit it to be done, by its order, and, upon an application to this court for an appellant to be allowed to make his appeal returnable more than 90 days from the date of the entry of the appeal, that this court could so order upon good cause shown * *. It is apparent that we have no such power, and it would be a strange doctrine that would permit parties litigant to waive a statutory requirement, which the court itself would have no authority to change or modify by its order.”
As harsh as the application of the statute would seem under the circumstances of this case, nevertheless if it can be waived here it could be waived under other circumstances of comparable character and magnitude. If it cannot be waived as I conclude from the authorities cited that it cannot, then the magnitude of the extenuating circumstances is of little moment.
It may be that the frustration of appellant’s right of appeal, though inadvertently *667 accomplished, has opened up an avenue to him to question his present incarceration, nevertheless I conclude a review by appeal ■of the merits of his conviction has passed beyond the power of this or any other appellate court of this state.[3]
Accordingly, I would grant the motion and dismiss the appeal.

. § 924.09, Fla.Stat., F.S.A.; Rule 6.2, Florida Appellate Rules.

. See Miller v. State, Fla.App.1961, 134 So.2d 513, 515; Ramagli Realty Co. v. Craver, Fla.1960, 121 So.2d 648, 651; State ex rel. Diamond Berk Insurance Agency v. Carroll, Fla.1958, 102 So.2d 129.

. See Cochran v. State of Kansas, 316 U.S. 255, 62 S.Ct. 1068, 86 L.Ed. 1453; Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215; Brown v. Allen, 344 U.S. 443, 485-487, note 32, 73 S.Ct. 397, 97 L.Ed. 469.