170 So.2d 75 (1964)
Hyman SCHNEIDER, Petitioner,
v.
Dr. Leon MANHEIMER, Dr. Gilbert R. Friedman, Dr. Victor Dorf and Mount Sinai Hospital of Greater Miami, Inc., a Florida corporation, Respondents.
No. 64-994.
District Court of Appeal of Florida. Third District.
December 29, 1964.
Rehearing Denied January 13, 1965.
Philip J. Mandina and Michael A. Lipsky, Miami, for petitioner.
Papy & Carruthers, Miami, for Manheimer & Friedman.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for Mount Sinai.
Before CARROLL, TILLMAN PEARSON and HENDRY, JJ.
TILLMAN PEARSON, Judge.
We are presented with a petition for writ of certiorari which seeks review of a summary final judgment in favor of respondent, Victor Dorf, who was one of several defendants in a cause still pending in the circuit court. This Court set a hearing upon the question of jurisdiction only. The question to be determined is whether a petition for writ of certiorari will lie to a common law order final as between the plaintiff and one of several defendants but which leaves the cause pending as to other defendants.
We must begin our discussion with the case of Ropes v. Lansing, 46 Fla. 231, 35 So. 863 (1903). The Ropes case was an assumpsit action against two defendants as co-partners. One partner was granted an order dismissing him from the cause. On appeal the order was held not final. From this holding it is argued that under the law of Florida at the present time a judgment against one defendant is not final and appealable until the common-law cause is disposed of.
It is recognized that the rule in equity is that an order dismissing one party or disposing of the claims of that party is final and appealable. Shute v. *76 Keystone State Bank, Fla.App. 1963, 159 So.2d 106; McMullen v. McMullen, Fla. App. 1962, 145 So.2d 568.
The rule in Florida is that certiorari will not lie to review the judgment of an inferior court if there is any other adequate remedy. Lewis v. Lewis, Fla. 1955, 78 So.2d 711; Huie v. Lewis, Fla. 1954, 71 So.2d 498; Pennekamp v. Circuit Court, 155 Fla. 589, 21 So.2d 41 (1945); Sirman v. Conklin, 154 Fla. 304, 17 So.2d 298 (1944); Saffran v. Adler, 152 Fla. 405, 12 So.2d 124 (1943); Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541 (1942).
It is petitioner's position that he has no other adequate remedy because the order sought to be reviewed is an interlocutory order, and for appeal he would have to wait until the cause has been determined as to the other defendants. The issue here is whether an order final as between the parties is interlocutory because the cause is still pending as to others in an action at law. Under the modern practice there is no reason why an order final in equity should not also be final at common law. See Evin R. Welch & Co. v. Johnson, Fla.App. 1962, 138 So.2d 390. The test ordinarily applied as to the finality of the orders is the same in both law and equity. 2 Fla.Jur., Appeals § 43 and cases cited therein.
We therefore hold that the holding in Ropes v. Lansing, 46 Fla. 231, 35 So. 863 (1903) is no longer applicable to the practice in this State or must be limited to the facts therein contained. Therefore, the judgment against the plaintiff and for one of several defendants as in this case is a final judgment and an adequate remedy exists by way of appeal.
This Court is without authority to consider an improvidently filed petition for certiorari as an appeal. The rule has been stated in Pavey v. Pavey, 112 So.2d 589:
"By § 59.45, Fla. Stat., F.S.A., when an appeal is improvidently taken where the remedy provided is certiorari, the appeal may be regarded as a petition for certiorari and thus duly considered by the appellate court. See Scheuermann v. Shamas, Fla. 1957, 97 So.2d 314; Alliance for Conservation of Natural Resources in Pinellas County v. Furen, Fla.App. 1958, 104 So.2d 803. But there is no provision that allows the converse. An improvident certiorari may not be treated as an appeal. * * *" 112 So.2d at 591.
Accordingly, the petition for writ of certiorari is dismissed.