OWEN, Judge.
Respondent was convicted in the City Court of the City of Belle Glade, Florida, of violation of a municipal ordinance, and 64 days later, on July 12, 1967, respondent filed his notice of appeal, seeking to appeal such judgment to the Circuit Court of Palm Beach County. The city filed its motion in the circuit court to dismiss the appeal as untimely. The circuit court denied such motion, whereupon the city filed with this court its petition, for writ of cer-tiorari to the circuit court.
The issue is whether, at the time this appeal was filed, appeals from municipal courts to the circuit court were required to be filed within 30 days from the rendition of the judgment as prescribed by Section 932.52(2), F.S.1967, F.S.A., or could be filed within 90 days from the rendition of the judgment as permitted by rules 6.1 and 6.2, F.A.R., 1962 Rev., 32 F.S.A.[1]
Where there is a conflict between a statute and the Florida Appellate Rules, the rules prevail on matters relating to practice and procedure,[2] but the statute prevails as to the time within which an appeal must be taken, the determination of such being properly a legislative rather than a judicial function.[3] Section 932.52, F.S.1967, F.S.A., governed the appeal in this case,[4] and the same not having been filed within 30 days from the rendition of the judgment, the circuit court did not acquire appellate jurisdiction.
The petition for writ of certiorari is granted, the order of the circuit court denying the motion to dismiss respondent’s appeal is quashed, and this cause remanded with directions that an order be entered dismissing repondent’s appeal.
CROSS and REED, JJ., concur.

. Conflicts between the statutes and the appellate rules, typified by the case at bar, should not occur in the future. By Chapter 67-175 (§ 59.081, F.S.1967, F.S.A.) the legislature expressly authorized the Supreme Court to fix by rule the times within which appeals could be taken, and upon the effective date of such rules any statutes in conflict therewith should stand repealed. The Supreme Court has exercised this authority by an amendment to the rules effective September 30, 1968, at midnight. See In re Florida Appellate Rules, Fla.1968, 211 So.2d 198.

. In re Wartman’s Estate, Fla.1961, 128 So.2d 600.

. Reed v. Cromer, 1923, 86 Fla. 390, 98 So. 329; State ex rel. Moore v. Murphree, Fla.App.1958, 106 So.2d 430; Ramagli Realty Co. v. Craver, Fla.1960, 121 So.2d 648; County of Dade v. Saffan, Fla.1965, 173 So.2d 138.

. Clark v. City of Orlando, Fla.App. 1959, 109 So.2d 416; Neely v. City of St. Augustine, Fla.1964, 170 So.2d 291.