ON MOTIONS TO DISMISS AND QUASH
PER CURIAM.
ON MOTION TO DISMISS
Appellant, Margaret Judah Rice, and one Ellis Detchon Booker were codefendants in the court below in an action in which they were sued for personal injuries by the ap-pellee herein. In February 1968, appellee obtained a partial summary judgment against Margaret Rice and Ellis Booker on the issue of liability alone and proceeded to jury trial on the remaining issues against both defendants. A jury verdict was returned in favor of appellee and final judgment thereon was entered December 18, 1968. Codefendant Booker filed a timely motion for new trial on December 24, 1968, which was denied by order entered January 21, 1969. Codefendant Booker has not appealed. Margaret Judah Rice did not file any post-trial motions but did file her notice of appeal on February 12, 1969, more than 30 days after the entry of final judgment but within the 30-day period reckoned from the date of disposition of the motion for new trial filed by codefendant Booker. Appellee has moved to dismiss the appeal of Margaret Judah Rice as not having been timely filed.
Appellant, in her brief in opposition to the motion to dismiss, has presented the following two points for our determination:
I. WHETHER OR NOT A MOTION FOR NEW TRIAL FILED BY A PARTY OTHER THAN THE APPELLANT TOLLED THE TIME FOR TAKING AN APPEAL UNDER F.A.R. 1.3 AND F.A.R. 3.2(b).
II. WHETHER OR NOT ORDER GRANTING PARTIAL SUMMARY JUDGMENT ON ISSUE OF LIABILITY ALONE IS AN APPEALABLE ORDER STANDING ALONE UNDER F.A.R. 3.2.
These points will be discussed in reverse order.
II.
Appellant in her notice of appeal has also appealed from an order granting plaintiff’s motion for partial summary judgment on the issue of liability alone. This order was entitled “Partial Summary Judgment” and was entered in February 1968 (before the effective date of the latest amendment to F.A.R. 4.2 [a], 32 F.S.A., allowing interlocutory appeals from such orders).
*785 The order herein granting the motion for partial summary judgment is clearly not a final order or judgment appealable as such under F.A.R. 3.2, Stone v. Buckley, Fla.App.1960, 119 So.2d 298; Williams v. Maddren, Fla.App.1962, 147 So.2d 572; and Pompano Paint Co. v. Pompano Beach Bank & Trust Co., Fla.App.1968, 208 So.2d 152.
In the instant appeal, the partial summary judgment was not final but was confined by its terms to the issue of liability alone. Therefore, judicial labor had not at that time come to an end. The “Partial Summary Judgment” was entered prior to the effective date — October 1, 1968 — of the amendment to F.A.R. 4.2 which now allows interlocutory appeals from such orders. In any event no interlocutory appeal could have been taken from that order at that time. Stone v. Buckley, supra. The proper time for review of such an order by the rules then in effect would be simultaneous with the review of the final judgment entered herein on December 18, 1968. Therefore, if we have jurisdiction to review the final judgment entered on December 18, 1968, we have jurisdiction to review the “Partial Summary Judgment” herein; otherwise, not.
I.
In order to answer this question, it must-be determined, under the facts of this case, whether the judgment herein was final as against Margaret Judah Rice.
In Hillsboro Plantation v. Plunkett, 55 So.2d 534 (Fla.1951), the Florida Supreme Court stated at page 536:
“A judgment is ‘final’ for t.he purposes of an appeal when it terminates a litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined. * * * ”
Under the above definition, the judgment against the appellant herein was a “final” judgment.
Chief Judge Allen of this court in Evin R. Welch & Co. v. Johnson, Fla.App.1962, 138 So.2d 390, authored an erudite opinion which collected and set out decisions in similar cases as well as treatises dealing with the finality of judgments. It would serve no useful purpose to here do the same. In Evin R. Welch & Co. v. Johnson, supra, Chief Judge Allen stated at page 391:
“In Crenshaw Bros. Produce Co. v. Harper, 1940, 142 Fla. 27, 194 So. 353, a personal injury action at law against plaintiff’s employer and a railroad as joint tort-feasors, the jury returned a verdict in favor of the railroad and against the employer. The lower court rendered judgment against the employer without disposing of the case against the railroad and the employer appealed. The Court held that it could entertain the employer’s appeal especially since the lower court had subsequently amended its judgment nunc pro tunc so as to dispose of the case against the railroad. The Court stated, however, that even had the nunc pro tunc order not been entered, the appeal by one codefendant while judgment was pending against the other co-defendant could be entertained.”
and at page 394:
“Furthermore, Fellowship Foundation, Inc. v. Soule, supra, [Fla., 85 So.2d 628] which held that the time within which an appeal could be brought from the first of two judgments entered respectively against two defendants began to run on the day said first judgment was entered, is authority requiring the instant appeal.”
As appellant did not at any time file a motion for new trial or other similar motion which would toll the running of the 30-day period for the filing of her notice of appeal, the final judgment as against her was rendered on December 18, 1968, the date it was entered.
The fact that judgment had not on December 18, 1968, been rendered against codefendant Booker due to the filing of his motion for new trial would not have pre *786 vented appellant from prosecuting her appeal, as an appeal by one codefendant can be entertained while judgment is pending against another codefendant. Crenshaw Bros. Produce Co. v. Harper, supra.
In fact, any desired appellate review by Margaret Judah Rice was required to be timely prosecuted from the December 18, 1968, final judgment. Fellowship Foundation, Inc. v. Soule, supra; and Evin R. Welch & Co. v. Johnson, supra.
Therefore, we hold that the last date on which appellant could have filed her notice of appeal was 30 days from December 18, 1968, and the filing of her notice of appeal on February 12, 1969, was not timely. The motion for new trial filed by codefend-ant Booker will not operate to toll the time for the taking of appellant’s appeal when, as here, several liability is involved and when a judgment final in form and substance has been entered in the lower court on which execution may issue.
The wording of the Florida Appellate Rules in question has been considered and the rules do not appear to authorize a different result as contended by appellant.
The notice of appeal herein seeks review of:
1) The “Partial Summary Judgment” entered in February, 1968, and referred to above;
2) The final judgment entered December 18, 1968, and referred to above; and
3) A final judgment as to costs against appellant entered January 21, 1969.
For the foregoing reasons, the motion to dismiss by appellee is granted as to numbers one and two above and is denied as to number three above as the notice of appeal filed herein on February 12, 1969, is timely as to the final judgment for costs entered January 21, 1969.
ON MOTION TO QUASH
A motion to quash this appeal as frivolous insofar as it relates to the final judgment for costs (referred to in number three above) has been filed with this court and it appearing that said judgment for costs shows upon its face it was rendered upon the stipulation of all parties thereto in open court, said motion to quash is hereby granted.
There being no judicable issue remaining, the appeal herein is dismissed in toto.
LILES, C. J., and HOBSON and MANN, JJ., concur.