442 So.2d 1084 (1983)
William PHILLIPS, et al., Appellants,
v.
Louis C. OSTRER, et al., Appellees.
No. 83-2686.
District Court of Appeal of Florida, Third District.
December 20, 1983.
Rehearing Denied January 20, 1984.
Kurzban, Kurzban & Weinger and Steven M. Weinger, Miami, for appellants.
Truett & Watkins and Harold Heller, Miami, for appellee John Nord.
Before SCHWARTZ, C.J., and BARKDULL and BASKIN, JJ.

On Motion to Dismiss Appeal as to Appellee Nord
SCHWARTZ, Chief Judge.
After a jury trial, judgment was entered on May 4, 1983 for the defendant Nord, but against the other co-defendants in the action. While those defendants filed timely post-trial motions, neither the plaintiffs nor, of course, Nord himself challenged the judgment in his favor. On November 10, 1983, the plaintiffs filed this appeal from an October 15, 1983 order granting the co-defendants' motions in part; the notice of appeal also stated that it sought review of the final judgment for Nord. He has now moved to dismiss the appeal as to him as untimely filed. We grant the motion.
There is no doubt that an order or judgment such as that entered for Nord on May 4, 1983, which disposes of a cause with respect to a single party is final and appealable even if the action remains pending against others. Let's Help Florida v. DHS Films, Inc., 392 So.2d 915 (Fla. 3d DCA 1980); Gries Investment Co. v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980); Schneider v. Manheimer, 170 So.2d 75 (Fla. 3d DCA 1964). It follows that while the other parties' post-trial motions clearly suspended the rendition and finality of the judgments against them under Fla.R. App.P. 9.020(g), they had no such effect upon the separate judgment for Nord which remained entirely undisturbed until the notice of appeal was filed more than six months after its entry.
Motion granted.