PER CURIAM.
Climatic Products Corporation and its owner brought an action against certain defendants, including J.D. Coats, Jr., individually and d/b/a Auto Air of Tallahassee, to recover on open accounts. The matter was tried without a jury and a judgment was entered for the plaintiffs against all defendants on February 4, 1999. J.D. Coats, Jr., timely moved for rehearing, arguing that there was insufficient evidence that he was responsible for the indebtedness. Rehearing was denied on July 9, 1999, and a notice of appeal, purporting to seek review of the judgment on behalf of all defendants, was filed on August 6,1999.
Appellees move to dismiss the appeal of all defendants except J.D. Coats, Jr, arguing this court’s jurisdiction was not timely invoked, relying upon Florida Rule of Appellate Procedure 9.020(h)(1). This rule subdivision provides that if a timely and authorized motion for rehearing has been filed, “the final order shall not be deemed rendered with respect to any claim between the movant and any party against whom relief is sought by the motion or motions until the filing of a signed, written order disposing of all such motions between the parties.” Appellants oppose the motion, arguing that failure to name all defendants as seeking rehearing in the trial court was excusable neglect which should be disregarded in light of timely invocation of this court’s appellate jurisdiction.
We find appellees’, motion to be well-taken. The Committee Note to this rule subdivision, added in 1992, leaves no doubt as to the proper application of Rule 9.020(h)(1) in this setting:
Subdivision (g)(1) [now (h)(1)] has been added to clarify the date of rendition when post-judgment motions have been filed. If there is only 1 plaintiff and 1 defendant in the case, the filing of a post-judgment motion or motions by either party (or both parties) will postpone rendition of the entire final order as to all claims between the parties. If there are multiple parties on either or both sides of the case and less than all parties file post-judgment motions, rendition of the final order will be. post *1105 poned as to all claims between moving parties and parties moved against, but rendition will not be postponed with respect to claims disposed of in the final order between parties who have no post-judgment motions pending between them with respect to any of those claims. See, e.g., Phillips v. Ostrer, 442 So.2d 1084 (Fla. 3d DCA 1983).
We have also carefully reviewed the motion for rehearing filed in the trial court and find that it unambiguously sought rehearing only on behalf of J.D. Coats, Jr.
Accordingly, we grant the motion and dismiss this appeal insofar as review of the judgment is sought by J.D. Coats, individually and d/b/a Auto Air of Tallahassee, David Wild, individually and d/b/a Auto Air Too, and Auto Air of Tallahassee, Inc. The appeal shall proceed with J.D. Coats, Jr., individually and d/b/a Auto Air of Tallahassee as the sole appellant.
IT IS SO ORDERED.
JOANOS, LAWRENCE and DAVIS, JJ., concur.