PER CURIAM.
Through motion, the State seeks dismissal of the petition for writ of certiorari of Albert Lee Hayes upon the basis that this court lacks jurisdiction because the petition was filed beyond the prescribed 60 day period.
Petitioner, charged in three counts of an information with 1. reckless driving of a motor vehicle, 2. leaving the scene of the accident, and 3. operating a motor vehicle without proper lights, was tried in the Criminal Court of Record of Hillsborough County and adjudged guilty under each count. He was sentenced to a period of six months on the second count, with sentence on the first and third counts being deferred “from day to day and term to term.” On appeal of petitioner to the cir *672 cuit court, the judgment of conviction was reversed on the first count but was affirmed in all other respects. Presented for review before this court is the judgment of affirmance.
Dates necessary for consideration in disposing of the question here reveal that the judgment of the circuit court challenged was rendered on October 5, 1962, and recorded on the same day; on December 18, 1962, the circuit court entered its order denying petition for rehearing; on March 4, 1963, petition for writ of certiorari was filed in the office of the clerk of this court. Thus, through mathematical computation, 76 days intervened from the time of the circuit court’s order denying the petition for rehearing to the time of the filing of petition for writ of certiorari.
 As applied to the situation here, reference may be had to the statutory provision and appellate rule relating to the time for filing of petition for writ of cer-tiorari. Under these, application for writ of certiorari must be filed in the district court of appeal within 60 days from rendition of the decision, order, judgment, or decree sought to be reviewed. This is a jurisdictional requirement. Where more than the specified 60 days have elapsed between date of denial of petition for rehearing and filing of application for certiorari, petition for certiorari will be dismissed. 31 F.S.A.Florida Appellate Rules, rule 4.S, subd. c(l) ; F.S.A. § 59.-08; also see Russom v. State, Fla.1959, 109 So.2d 30. In the instant case, the appeal had already been taken, and the method resorted to here is for further review via petition for writ of certiorari.
Motion to dismiss the petition for writ of certiorari interposed by the State must be and is granted because of the fatal jurisdictional deficiency.
Dismissed.
SHANNON, C. J., and KANNER and SMITH, JJ., concur.