313 So.2d 710 (1975)
STATE ex rel. Ronald KOVNOT, Relator,
v.
Ralph B. FERGUSON, Jr., Judge, Etc., Respondent.
No. 46903.
Supreme Court of Florida.
April 9, 1975.
Jack R. Blumenfeld, Miami, for relator.
ENGLAND, Justice.
Relator has requested that we issue a writ of prohibition to prevent a judge of the Dade County circuit court from trying relator on an information charging him with false acknowledgment as a notary public. The petition for a writ of prohibition is denied.
Relator originally sought a writ of prohibition for the same purpose in the Third District Court of Appeal. His application to that court was denied.[1] Nothing in the Constitution gives us jurisdiction to afford relator a second opportunity to obtain the same writ.[2]
*711 Treating Relator's request as a petition for certiorari or a petition for a writ of mandamus,[3] we also conclude that the petition should be denied. The petition was not filed within the time required for certiorari.[4] The petition is improper as a request for mandamus since that remedy and prohibition are co-equal jurisdictional writs which would operate with identical effect to protect Relator. To grant a writ of mandamus when Relator has already been denied a writ of prohibition would be tantamount to according Relator two appellate opportunities, just as he sought two appellate forums, to obtain the same relief.
ADKINS, C.J., and ROBERTS, DEKLE and OVERTON, JJ., concur.
NOTES
[1] 306 So.2d 226 (3d Dist.Ct.App.Fla. 1975).
[2] See Fla. Const. art. V, §§ 3(b)(4) and 4(b) (3). Cf., State ex rel. Soodhalter v. Baker, 248 So.2d 468 (Fla. 1971) (construing the predecessor constitutional provision); State ex rel. Burns v. Amidon, 249 So.2d 22 (Fla. 1971).
[3] "[N]o cause shall be dismissed because an improper remedy has been sought." Fla. Const., art. V, § 2(a).
[4] Fla.App. Rule 4.5(c).