Nathaniel PRESSLEY,
Petitioner-Appellee,

v.

Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation,
Respondent-Appellant.

No. 75–3861
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 15, 1976.

Rehearing and Rehearing En Banc
Denied Nov. 22, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Joel D. Rosenblatt, Asst. Atty. Gen., Miami, Fla., for respondent-appellant.

Phillip A. Hubbart, Public Defender, Bennett H. Brummer, Asst. Public Defender, Miami, Fla., for petitioner-appellee.

Appeal from the United States District Court for the Southern District of Florida.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

JOHN R. BROWN, Chief Judge:

Once more Nathaniel Pressley's case comes before this Court for review of the District Court's disposition of this prisoner's petition for a writ of habeas corpus.[1] This time we affirm the District Court's conditional grant of a writ order.[2]

■ In succinct fashion, Prisoner was convicted in Florida of first degree murder. Because of his impecunious nature, Prisoner had court-appointed counsel for his direct appeal to the District Court of Appeals, Third District, which by a split panel affirmed the conviction.[3] Under Florida Appellate Rule 4.5[c][6], 32 F.S.A., to preserve review by the Florida Supreme Court, Prisoner had to file a petition for certiorari within thirty days of rendition of the applicable order, decision, or judgment of the District Court of Appeals. For Prisoner's certiorari petition, May 24, 1972, the date his motion for rehearing before the Florida District Court of Appeals was denied, is the relevant date under Rule 4.5[c][6].

On May 31, only seven days after the rehearing denial, Prisoner received a letter from his court-appointed counsel which informed him that he should request the Public Defender for Dade County to represent him for any future review and that the court-appointed counsel would no longer represent him.[4] On the same day, Prisoner wrote to the Public Defender requesting representation. His request was favorably received, but representation was conditioned to begin from the time that the Public Defender would be properly substituted as counsel. Between the time from denial of the rehearing motion, May 24, and

1. Prior to this appeal by the State of Florida, Prisoner had sought habeas relief after indirect denial—mere refusal to release Prisoner—by the Florida Supreme Court on November 28, 1972, of his writ of habeas corpus requesting to file "a belated petition for certiorari". *Pressley v. Wainwright,* Fla., 1972, No. 42,684. The Prisoner proceeded to petition the federal court system for a similar writ. This petition was dismissed on the merits by the District Court. *Pressley v. Wainwright,* S.D.Fla., 1973, No. 73–737–CIV–JE. This Court in *Pressley v. Wainwright,* 5 Cir., 1974, 493 F.2d 894, affirmed the dismissal based on Prisoner's failure to exhaust state remedies. In light of our opinion and subsequent to it, counsel for Prisoner filed before the Florida Supreme Court a motion for leave to file a belated petition for certiorari. By an unilluminating order the Florida Court stated: "The motion for leave to file belated application for certiorari filled by counsel for Nathaniel Pressley is denied." *Pressley v. Wainwright,* Fla., 1974, No. 42,684. On March 19, 1975, Prisoner returned to the Southern District of Florida seeking habeas relief. In its order of June 30, 1975, the District Court found that the Prisoner had exhausted his state remedies and conditionally granted the writ. *Press-*

ley v. Wainwright, S.D.Fla., 1975, No. 75–420–CIV–JE. From this order, Florida appeals.

2. The order requires the State of Florida either to allow a belated application for certiorari or to set aside the conviction and grant a new trial within a reasonable time. Under the order Florida has the option to follow either one of these alternatives.

3. *Pressley v. State,* Fla.App.3d, 1972, 261 So.2d 522.

4. The record does not indicate whether Prisoner had previously requested that his court-appointed counsel represent him for certiorari purposes and that his attorney *at that instant* responded with the May 31 letter. Nor does the record indicate whether the court-appointed counsel's letter was self-initiated with the two-fold purpose of informing Prisoner of his right to seek review by certiorari and the termination of their client-attorney relationship for purposes of seeking such review. This Court's opinion in *Pressley v. Wainwright,* 5 Cir., 1974, 493 F.2d at 895, however, indicates that the court-appointed counsel was aware of Prisoner's desire prior to the May 31 letter.

the date on which Prisoner received notice that he should request other counsel to represent him for certiorari purposes, May 31, the same day that he made such a request to the Public Defender, only seven calendar days had passed—well within the thirty day limit imposed by Rule 4.5[c][6], Fla.App. Rules, 32 F.S.A. Not until June 28, 1972, was the substitution motion filed with the Florida District Court of Appeals and the motion was not granted until July 3. Both actions were outside the thirty day limit.[5]

 Despite the record's silence regarding the reason for failure to file the motion for substitution and, more importantly, to protect Prisoner's right to *seek* certiorari, decision of this dispute does not rest with this silence or with an awakening burst of explanations that have not come forth. The mere failure to act is sufficient. Clearly, Prisoner timely indicated his intention to seek review by the Florida Supreme Court. Within the fateful deadline imposed by Rule 4.5[c][6], both the court-appointed counsel and the Public Defender were cognizant of Prisoner's desire and the time constraint. In contrast, Prisoner was unaware of this filing time and was relying on the respective attorneys to complete the substitution of counsel and to protect his right to request a writ of certiorari.[6]

From this background, the state's brief creates an argument using as its base *Ross v. Moffitt,*[7] in which the Supreme Court held that Moffitt ". . . was denied no rights secured by the Federal Constitution when North Carolina refused to provide counsel to aid him in obtaining discretionary appellate review." The keystone of this argument is the statement that *"if"* Prisoner's motion to substitute counsel had been denied, he would have been in the same situation as Moffitt. With these two structural points identified, the construction of the state's theory proceeds by arguing that no later than from the time Prisoner received notice of his court-appointed counsel's intention to withdraw from further representation, May 31, until the completed substitution of counsel on July 3, Prisoner was without an attorney. As a consequence, regardless of the substitution of counsel motion on June 28, Prisoner's predicament is identical to Moffitt's: he was without counsel during the filing time and no duty to appoint counsel existed on the state of Florida for discretionary review.[8]

 As an arch falling when its keystone is removed, likewise, the State's argument fails. Because Prisoner's motion to substitute was granted, the binding togeth-

---

5. Again, the record is conspicuously absent any factors elucidating the reason—or lack of—for this delay.

6. This Court does not address the question of which attorney or attorneys bore the responsibility to timely complete the substitution of counsel, to protect Prisoner's right to seek review of his conviction, or both. During the time this case was before the Florida Courts, the Code of Ethics, Rule B, 32 F.S.A. regulated practice of attorneys in Florida. This Code promulgated by the Florida Supreme Court indicates that counsel for an indigent prisoner should *"always"* exert his best efforts in his [client's] behalf" and that an attorney should not withdraw from representation of the unfinished task ". . . to the detriment of his client except for reasons of honor or self-respect." See Fla.Code of Ethics, Rule B subd. 4, subd. 44, 32 F.S.A. Similarly, one who agrees to undertake the task of petitioning the Florida Supreme Court for a writ of certiorari makes a hollow commitment when he does not exercise care to preserve that right. From training and

reason, the parameter of a vigilant lawyer's responsibility is apparent.

In all events, failure of either or both was state action sufficient under *Fitzgerald v. Estelle,* 5 Cir., 1974, 505 F.2d 1334 (en banc), overruling, 1973, 479 F.2d 420.

7. *Ross v. Moffitt,* 1974, 417 U.S. 600, 619, 94 S.Ct. 2437, 2448, 41 L.Ed.2d 341, 356.

8. Florida's brief does not explicitly state that Prisoner was without counsel for the entire thirty-day period. However, to argue no duty to appoint counsel for discretionary review under *Moffitt's* facts implicitly assumes this fact. Otherwise, the State must address the applicability of *Moffitt* in the context of an attorney's duties on termination or withdrawal. As the facts of Prisoner's case indicate, this latter issue is present in this case. Also, the State's argument assumes that the court-appointed counsel had no obligations after May 31 assumed by his appointment or by agreement.

er factor of this argument is nonexistent.[9] Furthermore, the base of the argument gives way under close scrutiny. No issue regarding failure to provide discretionary review exists. The record indicates that Prisoner's court-appointed attorney recommended that he ask the Public Defender to undertake his representation *and* that the Public Defender agreed to do so *within the thirty-day period in question.* Realization of these two defects in the argument relegates it to the status of a "whims of fate" argument relying on the remaining proposition that Prisoner was without an attorney from at least May 31 to July 3.[10] Unlike Shakespeare's epithet, "Let wyrd be done", adequate representation by counsel requires more than the unknown path fate provides.

Based on the foregoing, sufficient evidence in the record exists under F.R.Civ.P. 52(a) supporting the District Court's determination that Prisoner's right to petition for certiorari was frustrated denying him effective assistance of counsel.[11]

The District Court had ample basis for its order.

AFFIRMED.

---

**9.** A prerequisite of this Court's jurisdiction is the existence of a case or a controversy which is justiciable. U.S.Const. art. III, § 2; *Aetna Life Ins. Co. v. Haworth,* 1937, 300 U.S. 227, 239–41, 57 S.Ct. 461, 81 L.Ed. 617. For this reason, federal courts refuse to consider a case or a controversy of a non-concrete or hypothetical nature. "It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an *opinion advising what the law would be upon a hypothetical state of facts.* (Emphasis added). Aetna Life Ins. Co., *supra* at 241, 57 S.Ct. 461. Under the facts extant in Prisoner's case, the "if" voussoir binding the State's argument together is hypothetical: a substitute counsel *agreed* to take Prisoner's case and *was substituted.* The result is an argument based on a nonexistent factual context. Where a concrete case exists, this Court will not and may not resolve a hypothetical case.

**10.** Since two essential propositions of this argument are absent, which of the attorneys should have acted during this period is not considered. It is sufficient to re-emphasize that an attorney's duty to a client does not necessarily and immediately end or begin with the discrete formality of a letter or a motion. Somewhat more passive, yet affirmative, duties may remain or arise over the client representation continuum when possible prejudice to a

prisoner's case should be recognized. In this case, all counsel knew a thirty-day petitioning period existed and that Prisoner was relying on their adequate representation.

**11.** *Webb v. Beto,* 5 Cir., 1966, 362 F.2d 105, *cert. denied,* 385 U.S. 940, 87 S.Ct. 307, 17 L.Ed.2d 219; *Smith v. Heard,* 5 Cir., 1963, 315 F.2d 692, *cert. denied,* 375 U.S. 883, 84 S.Ct. 154, 11 L.Ed.2d 113. The District Court made the following findings of fact or conclusions of law in its order:

(1) Prisoner's failure to timely petition for certiorari was not occasioned by him.

(2) The failure was occasioned by the State of Florida.

(3) Because of his indigency, Prisoner was forced to rely on court-appointed counsel.

(4) Prisoner expressed his desire to seek further review of his conviction.

(5) Failure of the State system to timely act and the resulting frustration of Prisoner's right to seek a writ of certiorari constitutes ineffective assistance of counsel denying Prisoner due process and equal protection of the laws under the Fourteenth Amendment of the United States Constitution.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.