PER CURIAM.
In a prior appeal (In re Estate of Guze, Fla.App.1958, 109 So.2d 170) it was held that the county judge was without jurisdiction to test the validity of an antenuptial agreement. After the issuance of our mandate, the county judge entered an order vacating his prior order without prejudice to the right of the parties to test the validity of the agreement in a court of competent jurisdiction.
The appellant has taken an interlocutory appeal from “Order on Mandate” contending that the effect of said order was to set aside a portion of the prior order not mentioned in our opinion of reversal, which portion held that the widow had no dower interest in a certain life insurance policy. Since the question of the widow’s right to dower is subject to a determination by the circuit court* of the validity of the antenuptial agreement, it would be premature to make any finding as to a dower interest in the insurance policy. When the validity vel non of the antenup-tial agreement has been determined, that question may then be presented to the county judge for reconsideration.
Although this has been improperly designated as an interlocutory appeal (see Rules 4.2 and 4.4, Florida Appellate Rules, 31 F.S.A.) we have nevertheless considered the question raised because of the contention that the order sought to be reviewed was in violation of or contrary to this court’s mandate and opinion in the prior case. Inasmuch as we have concluded that the order of the court below is not contrary to or in violation of this court’s mandate in the prior case, the order appealed is affirmed.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.'