WHITE, Judge.
This cause is before us on petition for writ of certiorari suggesting want of juris *346 diction of the trial judge to determine the issues in a suit for partition of real property between petitioner David T. Turner and the respondent Agnes M. Turner who were formerly husband and wife. We find regretfully that the substantive issues of the case are not properly before us for review.
The petitioner’s resort to this court was prompted by the Chancellor’s adverse ruling on his answer and counterclaim in the partition suit aforesaid. The petitioner thus seeks review by certiorari of an interlocutory order in a chancery cause. This is unauthorized procedure under the prevailing rules and, no matter how strongly we are inclined to curtail prolonged litigation, we must generally observe the prescribed rules of appellate procedure.
Florida Appellate Rule 3.1, 31 F.S.A., provides:
“Except where petitions for certio-rari are permitted by law or by these rules, all appellate review shall be by appeal.”
Florida Appellate Rule 4.2, Interlocutory Appeals, subd. a provides in pertinent part as follows:
“Appeals from interlocutory orders or decrees in equity * * * may be prosecuted in accordance with this rule; provided that nothing contained in this rule shall preclude the review of such orders and decrees on appeal from the final decree in the cause.”
It has been held by the Supreme Court of Florida that, notwithstanding the statute which provides that an improvident appeal may be treated as a petition for certiorari, a petition for certiorari to review an order reviewable only by appeal can not be treated as an appeal. See Bartow Growers Processing Corporation v. Florida Growers Processing Cooperative, Fla.1954, 71 So.2d 165; Jones et al. v. Johnson et al., Fla.App.1957, 98 So.2d 506; F.S. § 59.45, F.S.A.
The chancery order herein involved should have been brought before us by interlocutory appeal. However, in the event of ultimate appeal from a final decree in the partition suit in question, this court may consider at that time each and every issue properly presented for review.
Petition denied.
SHANNON, C. J., and ALLEN, J., concur.