145 So.2d 568 (1962)
Chester B. McMULLEN, Jr., et al., Appellants,
v.
J. Tweed McMULLEN et al., Appellees.
Nos. 2902, 2903.
District Court of Appeal of Florida. Second District.
October 12, 1962.
Rehearing Denied November 8, 1962.
Milton D. Jones, Clearwater, and Dye & Dye, Bradenton, for appellants.
S.E. Simmons of Bussey, Simmons & Owen, St. Petersburg, Mann, Harrison, Mann & Rowe, St. Petersburg, and Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for appellees.
SMITH, Judge.
Appellants-plaintiffs, Chester B. McMullen, Jr., and Ruth D. McMullen, H.H. *569 Baskin, Jr., and Anne H. Baskin filed their amended complaint in chancery, seeking specific performance against the appellees-defendants, J. Tweed McMullen, E.G. Green, Albert P. Rogers, and Albert P. Rogers, Inc., a Florida corporation, after transfer of this cause, pursuant to our decision in McMullen, et al v. McMullen, et al., Fla.App. 1960, 122 So.2d 626, determining the question of venue. Upon motions severally filed, the court dismissed the amended complaint as to all of the defendants except J. Tweed McMullen. The plaintiffs declined leave to further amend, and the court thereupon dismissed the cause as to the defendants, Albert P. Rogers, Albert P. Rogers, Inc., and E.G. Green with prejudice. The court retained jurisdiction of the defendant E.G. Green because there was a cross-claim pending against him.
Case No. 2902 exists by virtue of the appellants' Notice of Interlocutory Appeal filed pursuant to the provisions of Florida Appellate Rule 4.2, 31 F.S.A., and Case No. 2903 exists by virtue of appellants' Notice of Appeal as if the decree appealed from was a final decree.
Prior to discussion of the facts, we pause here to comment upon the first point raised by the parties; that is, is the appealed decree an interlocutory decree, or is it a final decree? The question was answered in Welch & Co. v. Johnson, Fla. App. 1962, 138 So.2d 390. The decree is a final decree because it terminated the litigation between the plaintiff and the defendants, as to whom the cause was dismissed with prejudice, and it left nothing to be done in the way of further judicial labor as to those defendants.
Plaintiffs' amended complaint alleged that the plaintiffs, as the sellers, entered into a written contract, under seal, with "J. Tweed McMullen, as Trustee" as the purchaser, in which the sellers agreed to sell, and the purchaser agreed to buy real property in Manatee County, Florida; that prior to the execution of the contract, plaintiffs had listed the property for sale with Albert P. Rogers and Albert P. Rogers, Inc., both real estate brokers; that subsequently, Rogers informed the plaintiffs that he was "co-brokering" the deal with the defendant Green, a real estate broker; that the property was sold; that the broker's attorney, the defendant, J. Tweed McMullen, prepared the contract described; and that at the time of the execution of the contract, defendant J. Tweed McMullen did not disclose to the plaintiffs that he was acting only as agent for others, nor the names or identity of his principals for whom he may have been acting. The amended complaint further alleged that on the date set for closing, J. Tweed McMullen refused to close; that subsequently the plaintiffs discovered that the defendants, Albert P. Rogers, Albert P. Rogers, Inc., and E.G. Green were the real purchasers of the property and the undisclosed principals for whom McMullen was acting as agent; and that the binder was paid by these alleged undisclosed principals. The plaintiffs prayed for a decree holding the undisclosed principals and their alleged agent all to be liable under the contract and for a decree of specific performance against them.
The appellants contend that vendors can hold undisclosed and unknown principals liable as the real purchasers to a written contract for the sale of real property where the contract is executed by the agent of the unknown principals, under seal, where the seal was unnecessary to the validity of the contract. The court below held that a contract, under seal, was not enforceable against the undisclosed principals, and we affirm.
At common law a sealed instrument was looked upon as a most solemn engagement and no one not a party could be sued upon it. As a necessary consequence the courts adopted and for countless generations followed without question the rule that a contract properly executed under seal was not enforceable against an undisclosed principal. See Note, 32 A.L.R. 162, and *570 the many cases therein cited. The rule obviously provided a valid means of avoiding personal liability and was invoked in transaction after transaction, becoming in time and irrespective of its technical beginnings, a firmly established concept in the law of property upon which investors have relied. Appellants contend that this is an archaic principle of common law no longer having any place in modern jurisprudence and that most of the common law concepts of contracts under seal have been abolished by statutes. This contention is well taken where specific statutes have been enacted, such as § 689.06, Florida Statutes, F.S.A., which abolished the necessity for a seal on deeds. There are other statutes dealing with the use and effect of seals, but there is no statute which directly abolishes the firmly established common law principle that a contract executed under seal is not enforceable against an undisclosed principal. A minority of the courts of American jurisdiction have abolished this common law rule by judicial fiat. We hold with the majority that any such change should be accomplished by legislative enactment and that the rights of the parties to this contract and the lack of obligation on the part of the undisclosed principals should remain as they existed at the time they entered into the agreement.
There are exceptions to this common law rule, but none of the exceptions are applicable to this case. Toll v. Pioneer Sample Book Co., 1953, 373 Pa. 127, 94 A.2d 764.
Distinctions existing between simple contracts and a contract under seal have been recognized and applied by the courts of Florida in Mitchell v. St. Andrew's Bay Land Co., 1851, 4 Fla. 200, and by the Circuit Court of Appeals, Fifth District, in Badger Silver Mining Co. v. Drake, C.C.A. 5th, 1898, 88 F. 48.
Appellants contend that the common law rule has been modified in Florida by Humphrey v. Bussey, 1930, 99 Fla. 1249, 128 So. 841 and Ballas v. Lake Weir Light & Water Co., 1930, 100 Fla. 913, 130 So. 421. We do not think so. In Humphrey the decision was made upon the ground that the action was based upon an implied promise to pay for the land by the parties who caused it to be conveyed and, therefore, that action was not upon a sealed contract. In Ballas the court held that it appeared from the contract itself that it was the intent of the parties to make the company a party to the agreement. It is, therefore, our view that what was said, as to the effect of placing a seal upon a simple contract, must be regarded as dictum. For a like analysis and holding, see Hill v. Gratigny Plateau Development Corp., C.C.A. 6th, 1931, 52 F.2d 142. This analysis is further fortified by a subsequent decision of the Supreme Court of Florida in Bellaire Securities Corp. v. Brown, 1936, 124 Fla. 47, 168 So. 625 in which that court said:
"According to the strict common-law rule, in order to bind a principal by a contract under seal, as this one was, the instrument must profess to bind the principal, and it must be executed in his name and as his deed or contract. If it purports to be executed as the instrument of the agent and under his individual signature and seal, it is not binding on the undisclosed principal, even though the other party to the instrument actually knows the principal and that the agent is contracting for him. 2 C.J. 676. * * *"
The decree is affirmed.
SHANNON, C.J., and KANNER, J., concur.