159 So.2d 106 (1963)
Robert S. SHUTE, Appellant,
v.
KEYSTONE STATE BANK and Mrs. Edward J. Hutson et al., Appellees.
No. E-383.
District Court of Appeal of Florida. First District.
December 10, 1963.
Rehearing Denied January 8, 1964.
Robert S. Shute, in pro. per.
Berwick Anderson, Green Cove Springs, for appellees.
RAWLS, Judge.
Robert S. Shute instituted this action in chancery against four defendants. Upon motion of two of the defendants for summary *107 decree, the chancellor entered a final summary decree of dismissal as to those two defendants, which decree stated: "* * the cause as to said defendants is hereby dismissed with prejudice * * *." From this decree plaintiff Shute filed a notice of interlocutory appeal and proceeded according to Florida Appellate Rule 4.2, 31 F.S.A., governing interlocutory appeals.
This appeal arises out of a situation which has caused confusion among the members of the bench and the bar for many years; that is, whether such a decree as confronts us here is a final decree or an interlocutory decree. Even before the adoption of the Appellate Rules, the Florida Supreme Court has held that an order dismissing a cause with prejudice is a final judgment.[1] This precedent was carried forward under the Appellate Rules, and it is now clear that an order dismissing a complaint even when leave to amend within a specific time is authorized, is an appealable final order.[2] However, only recently has the confusion  arising where a final order is entered against less than all defendants  been laid to rest by our sister court, the Second District Court of Appeal, in two cases which concisely hold that such "split" judgments or decrees when final must be appealed or the right will be forfeited by the passage of time.[3]
Since the decree in the instant cause was final as to two defendants, the method of review available to plaintiff Shute was by appeal pursuant to Florida Appellate Rule 3 and not by interlocutory appeal. The appellees by motion have raised the question of whether such an improperly prosecuted appeal should be dismissed.
Prior to the adoption of the Florida Appellate Rules, interlocutory orders and decrees in equity were reviewable by proceedings in the nature of certiorari, but unauthorized use of certiorari had been held to be subject to dismissal. A recent case[4] so holding based its decision upon the positive wording of Rule 3.1, F.A.R., towit:
"Except where petitions for certiorari are permitted by law or by these rules, all appellate review shall be by appeal."
and upon prior decisions of the Supreme Court of Florida which held:
"* * * [N]otwithstanding the statute which provides that an improvident appeal may be treated as a petition for certiorari, a petition for certiorari to review an order reviewable only by appeal can not be treated as an appeal. See Bartow Growers Processing Corporation v. Florida Growers Processing Cooperative, Fla. 1954, 71 So.2d 165; Jones et al. v. Johnson et al., Fla.App. 1957, 98 So.2d 506; F.S. § 59.45, F.S.A."
Since the statute[5] authorizing review of interlocutory orders or decrees in equity by proceedings in the nature of certiorari was superseded by the adoption of Florida Appellate Rule 4.2 providing for interlocutory appeals, it does not necessarily follow that an improvident interlocutory appeal should meet with the same fate heretofore decreed to a petition for certiorari to review final decrees. There are several reasons for this difference.
First, appellate jurisdiction is primarily acquired in both a "full" appeal and in an interlocutory appeal by the timely filing of the notice of "appeal". Notice was filed in the instant case though improperly designated. Where the judgment, order or *108 decree is of a nature as will support an appeal, improper designation of the notice of appeal will not alone affect the jurisdiction of the appellate court in the absence of other nonjurisdictional factors, and this Court has been lenient in considering improperly designated appeals.[6]
Secondly, interlocutory appeals provide a quick and limited review of narrow scope for certain interlocutory orders and decrees, so improperly proceeding by this faster method when one should have sought review by full appeal, cannot be said to be detrimental to the appellees in the absence of a positive showing of prejudice.
Finally, the purpose of the rules of appellate procedure is primarily for the expeditious and proper outline of travel for litigants in the prosecution of an appeal. It is not the purpose of said rules to preclude one from perfecting an appeal when timely notice of same properly vests jurisdiction of the cause in the proper appellate tribunal. The courts have generally exercised broad discretion "in determining whether the entertaining of an appeal will serve most expeditiously the interest of the litigants and the efficient administration of justice".[7] Due to the confusion of many years as to whether or not a decree of the type now sought to be reviewed was final or interlocutory and the failure to find any prejudice to appellees, we hereby exercise our broad discretion and entertain this appeal even though appellant pursued the faster method of interlocutory appeal. In view of the circumstances herein related, this Court will treat appellant's detailed appendix as the record-on-appeal, and appellees are hereby given ten days within which to file cross assignments of error, if so advised, and the same period of time in which to file directions to the clerk designating additional portions of the record as may be deemed essential. Otherwise, the progress of the appeal shall be in accordance with the regular time schedule.
Motion to dismiss is denied.
STURGIS, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] Palm Shores, Inc. v. Nobles, 149 Fla. 103, 5 So.2d 52 (1941).
[2] Womack v. Goldberg, 117 So.2d 758 (Fla. App.3d, 1960).
[3] McMullen v. McMullen, 145 So.2d 568 (Fla.App.2d, 1962) and Evin R. Welch & Co. v. Johnson, 138 So.2d 390 (Fla. App.2d, 1962).
[4] Turner v. Turner, 132 So.2d 345, 346 (Fla.App.2d, 1961).
[5] Section 59.02(3), Florida Statutes, F.S.A.
[6] Cf. In re Estate of Guze, 114 So.2d 212 (Fla.App.3d, 1959).
[7] Evin R. Welch & Co. v. Johnson, supra, 138 So.2d p. 394.