PEARSON, Judge.
The defendants appeal a final judgment for plaintiffs. The judgment was based upon a jury verdict and the basic question presented on appeal is whether the evidence is sufficient to sustain the verdict. We hold that the evidence is insufficient to establish a prima facie case of liability and that the trial judge erred when he denied appellants’ motion for a new trial on that ground.
Plaintiffs’ complaint sought recovery for damage to an aircraft owned by plaintiffs. The complaint alleged:
“ * * * defendants or their agents * * * negligently carelessly or recklessly operated, maintained, secured or controlled a Curtis C-46 aircraft N1210W, owned by the defendant Vi-cair, Inc., and leased and operated by the defendant Atlantic Aircraft Corporation, so as to cause the said C^16 aircraft to strike against and collide with the Boeing 247D aircraft N75291 owned by the plaintiffs.”
Defendant corporations each answered the allegations by a denial of the paragraph. The record shows no pre-trial discovery by the plaintiff or a pre-trial conference.
The gist of plaintiff’s case was a contention that the C-46 was improperly secured so that it was blown by storm winds into plaintiffs’ aircraft with resulting damage to plaintiffs’ aircraft. During the trial several witnesses referred to the C-46 as “defendants’ aircraft” but no testimony on the issue of ownership and operation was introduced. The lease alleged was not referred to or offered as evidence. Defendant’s witnesses testified to the efforts made to secure the C-46 and that they did so at the request of Mrs. Brown who acted for *864 defendant Atlantic Air Corporation. This evidence is not sufficient to establish ownership or legal responsibility for the proper dockage of the aircraft.
Appellants moved for a directed verdict at the close of plaintiffs’ case but made no mention of the deficiency in the evidence concerning proof of ownership. The entire argument in support of the motion for directed verdict was directed to an alleged failure to prove negligence in the tie-down operation. Appellants again moved for a directed verdict at the close of all the evidence. In argument, the following comments were made:
“MR. McDONALD: Your Honor, at this time the defendants again move for a directed verdict on the same grounds heretofore set forth.
“We do not believe the plaintiffs have met their burden in establishing any of the elements that they would need to recover against either of these defendants.
“I might say at this point, Your Honor, if you do not read the complaint I do not think you would know who owned the aircraft and who leased it. For that reason, I still think my motion is good, but I understand your position. I will not belabor the point.
“THE COURT: I do not know whether that point was ever brought up before.”
Ordinarily when the plaintiff fails to present a prima facie case and defendant moves for a directed verdict it is reversible error to deny the motion.[1] Swilley v. Economy Cab Co. of Jacksonville, Fla. 1951, 56 So.2d 914; Smith’s Bakery, Incorporated v. Jernigan, Fla.App.1961, 134 So.2d 519. In the instant case if the deficiency in the evidence as to ownership and operation had been presented as a ground upon defendant’s motion at the close of plaintiffs’ case, it is probable that upon a motion to reopen their case plaintiffs could have remedied the defect. In addition, we feel that the record fairly reflects the fact that the deficiency of the evidence as to ownership and operation was not urged as a ground of the motion at the close of all the evidence. The trial judge expressed the opinion that ownership and operation were not in issue and defendants did not pursue the ground.
Appellants were much more specific in their motion for a new trial where the following ground is included:
“5. That there was no competent substantial evidence to support Plaintiffs allegations as to ownership of the aircraft which allegedly caused their damage or the responsibility for operation of the aircraft which allegedly caused their damage or of any duty owed by either of the Defendants to the Plaintiffs which was violated in such a manner as to constitute negligence on behalf of either of the Defendants herein.”
Although a motion for a directed verdict may be denied, yet in the same case, if the verdict does not accord with the manifest weight of the evidence and the substantial justice of the cause, a new trial should be granted, if a motion for such is duly made. Gravette v. Turner, 77 Fla. 311, 81 So. 476 (1919). An appellate court is more liberal in upholding the trial court’s action in sustaining a motion for a new trial than it is in upholding the court’s action in denying such a motion. General Hospital of Greater Miami, Inc. v. Gager, Fla.App.1964, 160 So.2d 749; Bello v. Angella, Fla.App. 1965, 171 So.2d 547.
Decisions should be on the merits of the case with a view toward promoting justice and should not be based on procedural niceties. Kaufman v. Sweet et al. *865 Corporation, Fla.App.1962, 144 So.2d 515. We feel that there is a vital deficiency in the evidence since there was no evidence concerning ownership or legal responsibility for the aircraft which allegedly caused the damage.
We therefore hold that reversible error occurred when the trial judge denied appellants’ motion for a new trial.
Reversed and remanded for a new trial.

. But see Gulf Heating & Refrigeration Co. v. Iowa Mut. Ins. Co., Fla.1966, 193 So.2d 4, relative to defendant’s waiver of motion for directed verdict at the close of plaintiff’s case by presenting evidence unless the motion is renewed.