PER CURIAM.
The appellee filed his complaint to foreclose a mortgage of which he was the as-signee. The appellants, Jose Criado and his wife, denied being in default on the mortgage, and answered the complaint, affirmatively defending on the ground that payment had been made and further, that Milgram had been guilty of fraud. However, the court struck the above affirmative defenses, and subsequently, the appellants moved to interpose the defense of waiver and estoppel. Criado filed his affidavit supporting that defense. The Court granted the motion, but the appellants failed to file the amended answer containing the estoppel defense.
At the trial, the court orally questioned the appellants as to the nature of their defense, and the record shows that the appellants again asserted the defense of es-toppel. However, the appellee-plaintiff objected, and was sustained. Judgment of foreclosure was entered by the court in favor of plaintiff-appellee and it is the final judgment of foreclosure which is being appealed.
The record shows that the appellant Criado and his wife purchased a home from certain persons not parties to this appeal on July 10, 1961. In order to finance the purchase, Criado executed a mortgage in favor of Winona Investment Company, payment to begin September 1, 1961. The business address of the mortgagor was shown to be 1122 S.W. 8th Street, Miami, Florida. The Criados made all payments from September 1, 1961, through May 1, 1963, directly to the president of Winona Investment Company, Mr. Ozete.
However, on August 16, 1961, the Wino-na Investment Company executed an assignment of the mortgage in favor of Mil-gram, which was filed and recorded in the Public Records of Dade County on September 8, 1961. The record reflects a letter dated August 16, 1961, wherein Milgram advised the Criados that the mortgage had been assigned to him and that future payments were to be sent to him at his business address commencing September 1, 1961, but the appellants have denied receiving that letter. Thus, the Criados continued to make payments on the mortgage to Mr. Ozete of the Winona Investment Company until May 1, 1963 when Ozete’s whereabouts became unknown. Shortly after the latter payment to the investment company, around June 1, 1963, Milgram personally contacted the Criados at their home, then advising them of the assignment of the mortgage and requesting that all future payments be made to him at his business address. Subsequently, the Cri-ados complied with these instructions, making full and complete payment of each monthly installment thereafter to Milgram until the maturation date on the mortgage, August 1, 1968. Milgram admitted knowing that the Criados were paying the monthly installments to Ozete.
On September 6, 1968, Milgram again corresponded to the Criados, advising them that they were in arrears on the mortgage in the amount of $2,053.94, such amount apparently representing those payments which were paid by the Criados to Ozete and the Winona Investment Company during the interim from the date of execution, August 9, 1961, until Milgram’s personal visit of June, 1963. Based upon the alleged arrearage, Milgram filed this law suit seeking to foreclose the mortgage. It was his position at trial, and continues to be such on this appeal, that the payments made by the Criados to the Winona Investment Company between 1961 and 1963 were not effective to discharge their existing obligations under the assigned mortgage which he held.
The legal doctrine upon which the Criados relied at trial was that of estoppel, *598 certainly the applicable affirmative defense to the facts at bar. See 12 Fla.Jur. Estop-pel and Waiver, § 36. The issue on this appeal, however, concerns the procedural aspects of the trial wherein the appellants were barred from affirmatively defending under the estoppel doctrine because they had failed to file a new answer after the court had granted their motion to allow that affirmative defense to be added. Two factors motivate our decision to reverse the final judgment of foreclosure being appealed. The first is the principle of law set forth in Kaufman v. Sweet Corporation, Fla.App.1962, 144 So.2d 515, wherein the court stated:
“Rule A of the Florida Rules of Civil Procedure provides that ‘These rules shall be construed to secure the just, speedy and inexpensive determination of every action.’, which is the same as in Rule 1, Federal Rules of Civil Procedure. This language, as stated in 2 Moore’s Federal Practice 2d ed. § 1.13 [1] S5-S7, means that liberality is the canon of construction; that decisions are to be on the merits to promote justice and not on procedural niceties or by collateral methods.”
See also Atlantic Aircraft Corporation v. English, Fla.App.1967, 198 So.2d 862; Davis v. Evans, Fla.App.1961, 132 So.2d 476. The second motivating factor in the instant case is the existence of the court’s order which initially allowed the defense of estoppel to be interposed. This order represents an initial recognition of the parties’ right to defend their position under the applicable law. At that time, the court properly construed the rules of civil procedure to allow the defendants to assert estoppel, and their failure to later embody the court’s ruling in an amended answer should not, without other factors, be held to bar them from asserting this meritorious defense.
After a careful examination of the record, we find that the evidence amply supported the defense of 'estoppel and that the mortgage was not in default as appellants were entitled to a credit for the full amount that they have paid to Ozete as though it had been paid directly to the appellee.
The judgment being appealed is hereby reversed.