PEARSON, Judge.
This appeal by the plaintiff urges error because of the trial judge’s dismissal of a complaint for specific performance and, in addition, that the court should have allowed the filing of an amended complaint. Appellant urges that he followed the form appendaged to the Florida Rules of Civil Procedure and set forth as “Form 1.941.” An examination of the complaint reveals that appellant is mistaken in this contention. Although the form calls for an action on a contract which was attached as an exhibit, appellant sued upon an extension of a contract and the extension was not attached. It is obvious from a reading of the complaint that the appellant carefully refrained from a statement as to whether the extension was written or oral.
Counsel for the appellant filed a memorandum of law with the trial court. His position was that unless the complaint showed on its face that the contract was oral, it was not subject to a motion to dismiss upon the basis that the action was barred by the Statute of Frauds. This position is supported by Martin v. Highway Equipment Supply Company, Fla.App. 1965, 172 So.2d 246. The complaint was, however, insufficient in that it did not have attached a copy of the entire contract sued upon nor did it set forth the terms of the contract adequately. See Patton v. Carlson, Fla.App.1961, 132 So.2d 793. After the court ruled, a petition for rehearing was filed but there was never a petition or an offer to file an amended complaint or to attach the extension as an exhibit.
It is apparent to this court that there was reluctance on the part of appellant’s counsel to reach the controlling issue. He relies for reversal upon a “record error” rather than a prejudicial error. His argument that he was not allowed to amend his complaint now comes too late since it is apparent that he not only failed to tender an amended complaint but he failed to request permission to file one.
*298 It has often been stated that it is not the purpose of the Florida Rules of Civil Procedure to set forth the rules for a game, but that the purpose is to provide a vehicle for the speedy disposition of cases on the basis of the merits. Criado v. Milgram, Fla.App.1970, 237 So.2d 596. We think that appellant has failed to demonstrate error.
Affirmed.