PER CURIAM.
Appellant, O. J. Tooke, appeals an order of the trial court dismissing counts two and three of his amended complaint. The effect of this ruling was to dismiss Orpet, Inc. as a party defendant to breach of contract action.
The amended complaint alleges on or about October 26, 1961, appellant entered into a written contract under seal with ap-pellee Thom. In this contract regarding resale of a certain realty, it was agreed that appellant was instrumental in negotiating the initial sale of the real property described therein on behalf of appellee Thom. The contract further provided that appellee Thom “or his assigns” would complete the purchase of the real estate and that upon a subsequent sale of this property appellant was to receive one half of all amounts over and above the original expenditure incurred by appellee Thom in acquisition of the property. Appellee Thom, pursuant to the terms of the contract, purchased the property. On or about February 13, 1969, appellee Thom, or his assigns, sold the property and refused to pay appellant one half interest in any profit pursuant to the contract. Count two of the amended complaint sought to include appel-lee Orpet, Inc., as a party defendant, on the theory that it was either an undisclosed principal or assignee of appellee Thom. The complaint further alleged that appellee Thom was the president, treasurer and a director of appellee Orpet, Inc. Appellees filed their motion to dismiss counts two and three on the grounds that a contract under seal is not enforceable against an undisclosed principal. The court granted the appellees’ motion to dismiss and this timely appeal ensued. It appears that appellant has abandoned his attack on the trial court’s ruling as to count three by failing to argue it.
We have read the record and briefs, oral argument was waived. There being no allegation of fraud or other misrepresentations set out in count two of the amended complaint, we decide this case upon the long established and recognized law pertaining to the execution of contracts under seal.
On authority of McMullen v. McMullen, Fla.App.1962, 145 So.2d 568, cited in the well-reasoned order of the trial judge, the cause is hereby
Affirmed.
HOBSON, A. C. J., and McNULTY and BOARDMAN, JJ., concur.