HENDRY, Judge.
Appellants, defendants below, take these consolidated interlocutory appeals from two orders, one denying appellant Aerodex, Inc.’s motion for a summary judgment de-' nying class action and the other styled “Order Directing Notice to the Class.”
The trial court treated appellant Aero-dex’s motion for summary judgment as a second motion for rehearing, and following a motion to dismiss these appeals filed by the appellees and subsequent motions for clarification, this court directed by order of March 26, 1975 that the appeals would be limited to review of the order directing notice to the class.
Therefore, appellant’s contentions that a class action is not properly brought in this case is not before us at this juncture because the appellants did not timely appeal the trial court’s order of July 5, 1973 determining this cause to be a proper class action. It follows that the subsequent order denying what in effect was a second motion for rehearing is not an ap-pealable order. Southwest Electric Supply, Inc. v. Banfield, Fla.App. 1974, 302 So.2d 810; Florida Living for Retired v. Retirement Hotel Assoc., Fla.App.1964, 167 So.2d 83.
We do not imply, of course, that the trial court may not reconsider the propriety of class action status to this proceeding at a later time. The order of July 5, 1973 indicates the court’s intention to reconsider this issue at any time during the course of the case.
The only real issue remaining for our consideration is the definition of the class formulated by the court in its order directing notice.
Appellants argue that the definition is too broad extending to class members who were not damaged.
Appellees as representatives of a class of employees of Aerodex, Inc. filed a complaint against the company and the appellant Aetna Life Insurance Company.
The¡ complaint read together with ap-pellees’ brief filed in this case reflects that the appellant Aerodex is charged with misappropriating funds withheld from its employees’ paychecks as insurance premiums and allocating the funds to general corporate working expenditures.
Appellees further charge that Aetna knew of this misappropriation and cooperated with Aerodex. Both appellants are accused of a breach of a fiduciary duty to the employees and with fraudulent concealment of material facts.
It is contended that this scheme existed from approximately April 1967 through September 1971, which time period is included in the trial court’s definition of the class.
While it may be true that the trial court has defined the class too broadly, we do not think' the appellants have demonstrated an abuse of discretion. Cf., Paulino v. Hardister, Fla.App. 1974, 306 So.2d 125. We agree with appellees’ suggestion that the court in its discretion might later determine that its original definition (which perhaps was devised primarily to fulfill notice requirements as broadly and fairly as possible) is too broad and accordingly modify it.
Therefore, for the reasons stated, the orders under review are affirmed.
Affirmed.