352 So.2d 108 (1977)
Joe W. CORDELL, George S. Taff and Hugh E. Williams, Jr., Appellants,
v.
WORLD INSURANCE COMPANY, Appellee.
No. GG-399.
District Court of Appeal of Florida, First District.
November 4, 1977.
Robert M. Ervin and Dean Bunch of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for appellants.
J. Marshall Conrad of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for appellee.
BOYER, Acting Chief Judge.

ON MOTION TO DISMISS
Appellee's Motion to Dismiss this interlocutory appeal requires that we determine the propriety of an interlocutory appeal pursuant to Fla.App. Rule 4.2, as a means of reviewing dismissal by a trial court of a class action in a legal (as distinguished from equitable) action commenced pursuant to Fla.R.Civ.P. 1.220.
Appellants "on behalf of themselves and those similarly situated" sought to bring a class action against appellee, defendant in the trial court. The defendant filed a motion to dismiss which resulted in an order dismissing the complaint with prejudice but providing that the plaintiffs, in their individual capacities, could file an amended complaint within 20 days. The trial judge specifically recited that he found the complaint to fail to state a cause of action pursuant to Fla.R.Civ.P. 1.220. The plaintiffs, as appellants, filed a notice of interlocutory appeal and appellee responded with a motion to dismiss.
There is no question but that, generally speaking, the proper method of review of a final order is by plenary appeal (see Shute v. Keystone State Bank, 159 So.2d 106 (Fla. 1st DCA 1963) and that the use of the words "with prejudice" in an order of dismissal indicates finality. (Segal v. Garrigues, 320 So.2d 475 (Fla. 4th DCA 1975).
In Costin v. Hargraves, 283 So.2d 375 (Fla. 1st DCA 1973) this court entertained an interlocutory appeal instituted by the defendants in the trial court seeking review of an order of the trial judge denying the *109 defendant's motion for an order declaring that the declaratory judgment action commenced in the trial court could not be maintained as a class action. There is no indication in the opinion of the court that propriety of interlocutory review was there challenged.
Likewise, our sister court of the Third District in Rosenwasser v. Frager, 307 So.2d 865 (Fla. 3rd DCA 1975) entertained an interlocutory appeal from an order denying a motion to dismiss a class action commenced by condominium owners against a developer to recover compensatory and punitive damages on the ground of alleged fraudulent misrepresentation. That opinion, too, is silent as to whether there was any attack upon the appellate court's jurisdiction.
In Imperial Towers Condominium, Inc. v. Brown, 338 So.2d 1081, 1082 (Fla. 4th DCA 1976) that court entertained an interlocutory appeal from an order finding that the cause could not be maintained as a class action and a second order dismissing an amendment to the complaint which "had the effect of precluding * * * from maintaining the action as a class action." The action sought legal and equitable relief and was in that manner distinguishable from the case sub judice. Again, there does not appear to have been any attack upon the propriety of interlocutory review.
Sub judice it appears that the action in the trial court was legal in nature and not "such as formerly [was] cognizable in equity". Neither does it appear that the order of dismissal here appealed could reasonably be termed a "partial summary judgment on liability". In short, we find no category in Fla.App. Rule 4.2 in which the case sub judice may be fashioned in order to vest jurisdiction in this court.
An examination of the order here appealed reveals that although it did not finally dispose of the case, it was final as to the proposed class. As stated by this court in Shute v. Keystone Bank, supra:
"This appeal arises out of a situation which has caused confusion among the members of the bench and the bar for many years; that is, whether such a decree as confronts us here is a final decree or an interlocutory decree. Even before the adoption of the Appellate Rules, the Florida Supreme Court has held that an order dismissing a cause with prejudice is a final judgment. [Palm Shores Inv. v. Nobles, 149 Fla. 103, 5 So.2d 52 (1949).] This precedent was carried forward under the Appellate Rules, and it is now clear that an order dismissing a complaint even when leave to amend within a specific time is authorized, is an appealable final order. [Womack v. Goldberg, 117 So.2d 758 (Fla.App.3d, 1960).] However, only recently has the confusion  arising where a final order is entered against less than all defendants  been laid to rest by our sister court, the Second District Court of Appeal, in two cases which concisely hold that such `split' judgments or decrees when final must be appealed or the right will be forfeited by the passage of time. [McMullen v. McMullen, 145 So.2d 568 (Fla.App.2d, 1962) and Evin R. Welch & Co. v. Johnson, 138 So.2d 390 (Fla. App.2d, 1962)]." (159 So.2d at page 107)
In Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla. 1974), the Supreme Court of Florida held that where one count of the complaint was based entirely upon tort and was separate and distinct from the other counts which were based on breach of contract, dismissal of one count was final and therefore appealable. To the same effect is an opinion of our sister court of the Fourth District rendered on a motion to dismiss an appeal in Segal v. Garrigues, supra.
We conclude, therefore, that the order entered in the case sub judice finally determined the class action status and that therefore, although the order permitted the individual plaintiffs to amend and proceed, it was nevertheless a final order from whence a plenary appeal will lie. We will not, however, grant appellee's motion to dismiss but will, in accordance with the procedure established in Shute v. Keystone State Bank, supra, treat the notice of interlocutory appeal as a notice of a full or *110 plenary appeal. The appendix to appellants' brief will be treated as a supplement to the four page record on appeal.
IT IS SO ORDERED.
MILLS and MELVIN, JJ., concur.