392 So.2d 288 (1980)
In the Interest of T.L. et al., Minor Children, Appellants,
v.
STATE of Florida, DEPARTMENT OF HEALTH & REHABILITATIVE SERVICES, Appellee.
Nos. 78-2477/T4-296, 79-121/T4-371 and 79-290/T4-305.
District Court of Appeal of Florida, Fifth District.
December 10, 1980.
Rehearing Denied January 15, 1981.
*289 Judith A. Ginn, Orlando, for appellants.
Sally Dee Kest of Graham, Markel, Scott, Marlowe, Appleton & McDonough, P.A., Orlando, for appellee.
Walter Komanski, and Paul Camp Lane, Legal Aid Society of Orange County, Orlando, amicus curiae.
FRANK D. UPCHURCH, Jr., Judge.
Three appeals have been consolidated for consideration. The first involves a habeas corpus petition directed at alleged improprieties of the court's procedure in asserting temporary custody over minor children pending final adjudication of dependency. The issues raised in the habeas corpus petition are now moot because there has been a permanent adjudication of dependency; therefore, the petition for writ of habeas corpus is dismissed.
The adjudicatory hearing was concluded on December 8, 1978, and the court entered its order finding the children dependent on December 14. Appellant took an appeal from that order. A further dependency order was rendered by the court on January 22, 1979, and appellant appealed from that order. Both appeals, for the purpose of this opinion, will be treated as one.
The questions raised on appeal are:
Whether the state's failure to timely comply with the Uniform Child Custody Jurisdiction Act affected the circuit court's jurisdiction over the subject matter.
Whether the mother was entitled to court-appointed counsel and whether her counsel was given sufficient time to prepare for trial.
We find no reversible error and affirm. The Uniform Child Custody Act, sections 61.1302-61.1348, Florida Statutes (1979), regulates the conduct of "custody proceedings" which include dependency proceedings. § 61.1306(3), Fla. Stat. (1979).[1] Section 61.132 of this act requires that:
[E]very party in a custody proceeding, in his first pleading or in an affidavit attached *290 to that pleading, shall give information under oath as to the child's present address, the places where the child has lived within the last five years, and the names and present addresses of the persons with whom the child has lived during that period.
In this case, the information was not filed until December 4, 1978, almost two months after the children were taken into custody and six weeks after the initial pleading to determine dependency was filed. Appellant contends that this requirement is jurisdictional. This argument ignores the express language of section 61.1308, Florida Statutes, which provides:
[A] court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if ... this state ... is the home state of the child at the time of commencement of the proceeding... .
This statute sets out the prerequisites for the exercise of the court's jurisdiction. Detko/Roberts v. Stikelether, 370 So.2d 383 (Fla. 4th DCA 1979). While the failure of the court to require this information to be filed is error, it is not sufficient to deprive the court of jurisdiction. There was other competent evidence apart from this filing for the court to determine that it had jurisdiction and the information was filed in time for the court's consideration.[2]
As to the second question, appellant argues that, even though she was indigent, the state never advised her of her right to counsel. There is some authority for the proposition that indigent parents are entitled to counsel at the state's expense. In the Interest of R.W.H., 375 So.2d 321 (Fla.2d DCA 1979); Davis v. Page, 618 F.2d 374 (5th Cir.1980). We need not address the point here because it is moot. Appellant was represented by counsel prior to the adjudicatory hearing.
The hearing was originally scheduled for October 27, but was continued until November 13 to give the appellant an opportunity to obtain counsel. Her attorney agreed to represent her on October 27. On November 13, after the hearing was underway and without previously moving to continue the hearing, counsel then moved to continue on the grounds that she was inadequately prepared. The judge denied the continuance. Appellant claims this denial prevented her from adequately presenting her side of the case. The second part of the hearing was scheduled for December 8. In denying the motion to continue, the judge announced that the appellant could present any rebuttal or impeachment evidence she deemed necessary to a complete presentation of her case at the December 8 hearing.
It therefore appears that if there were prejudice to appellant's right to a fair hearing (and we do not so find), it was caused by her counsel rather than by any action of the state. It was also incumbent upon the trial judge to hold the adjudicatory hearing within ninety (90) days from the date the children were taken into custody. Fla.R. Juv.P. 8.180(b), (c).
AFFIRMED.
SHARP, J., concurs.
DAUKSCH, C.J., concurs specially with opinion.
DAUKSCH, Chief Judge, concurring specially:
While I concur in the result reached, I do have a comment. I do not think the Uniform Child Custody Jurisdiction Act has anything to do with this matter because the children and the mother are residents of Florida and there is no hint in the record of any interstate involvement in the custody or dependency of these children. See Adams v. Adams, 374 So.2d 29 (Fla.3d DCA 1979).
NOTES
[1] This section provides:

`Custody proceeding' includes proceedings in which a custody determination is one of several issues, such as an action for dissolution of marriage or separation, and includes child neglect and dependency proceedings. (Emphasis added.)
[2] Fla.R.Juv.P. 8.110(c), (d).