452 So.2d 6 (1984)
DADE COUNTY POLICE BENEVOLENT ASSOCIATION, INC., a Florida Corporation, D. Marshall Barry, Mallory E. Horne, and William G. Thomas, As Trustees of the Nationwide Public Employees Trust, Mark Seiden, Robert Willis, Joseph McMahon, Jimmie Brown and William Cegelis, Individually and On Behalf of Others Similarly Situated, Appellants,
v.
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, Metropolitan Life Insurance Company, a Foreign Insurance Corporation, American Bankers Life Assurance Company of Florida, a Foreign Insurance Corporation, Blue Cross of Florida, Inc., and Blue Shield of Florida, Inc., Appellees.
No. 81-2550.
District Court of Appeal of Florida, Third District.
March 13, 1984.
Rehearing Denied July 3, 1984.
*7 Daniels & Hicks and Elizabeth K. Clarke, Anderson & Moss and Louise McMurray, Miami, for appellants.
Adkins & Hardy and Brooks C. Miller, Coral Gables, Jorden, Melrose & Schuette and Robert J. Schaffer; Shutts & Bowen and Eric B. Meyers and Sally M. Richardson; Robert A. Ginsburg, County Atty., and Richard J. Weiss, Asst. County Atty., and Deborah B. Mastin, Miami, for appellees.
Before BARKDULL, HUBBART and DANIEL S. PEARSON, JJ.
PER CURIAM.
This is an appeal from two trial court orders which dismiss (a) class action claims arising out of the alleged mismanagement of certain group insurance plans offered by Metropolitan Dade County to its employees, and (b) an individual civil theft claim arising out of the same alleged mismanagement scheme. These same orders also dismiss, but with leave to amend, various other individual claims, thereby not finally disposing of such claims in the trial court.
We have jurisdiction to entertain the appeal from the dismissal of the class action claims, as it constitutes an appeal from a final order which we are empowered to review under Article V, Section 4(b)(1), of the Florida Constitution. Cordell v. World Insurance Co., 352 So.2d 108 (Fla. 1st DCA 1977). For the reasons which follow, we affirm this dismissal for failure to plead a proper class action. We have no jurisdiction, however, to entertain the appeal from the dismissal from the civil theft claim. For the reasons which follow, we dismiss this appeal for lack of jurisdiction.
The third amended complaint filed below contains five counts. The first three counts are individual and class action counts brought by five individual plaintiffs [Mark Seiden, Robert Willis, Joseph McMahon, Jimmie Brown and William Cegelis] against Metropolitan Dade County [Dade County] and the insurance companies which during relevant periods wrote and administered the group life and health insurance plans offered by Dade County to its employees: Blue Cross of Florida, Inc. [Blue Cross], Blue Shield of Florida, Inc. [Blue Shield], American Bankers Life Assurance Company of Florida [American Bankers Life] and Metropolitan Life Insurance Company [Metropolitan Life]. Count I alleges breach of fiduciary duty, fraud and misrepresentation against Dade County, Blue Cross, Blue Shield and American Bankers Life; count II alleges misrepresentation against Dade County and Metropolitan Life; count III alleges civil theft against all of the above defendants.
The remaining counts of the complaint, counts IV and V, are brought by the Dade County Police Benevolent Association [Dade County PBA] and three named trustees of the Nationwide Public Employees Trust. Count IV alleges a breach of contract against Dade County and seeks injunctive relief against Metropolitan Life as well as damages against Dade County. Count V alleges civil theft against Dade County and Metropolitan Life. All five counts of the complaint arise out of an alleged mismanagement of the group life and health insurance plans offered by Dade County to its employees.
Upon proper motions filed below, the trial court entered two orders which dismiss the class action counts of the complaint and the Dade County PBA's civil theft claim [count V]; all other individual claims were dismissed by the trial court with leave to amend. Plainly the dismissal of the civil theft claim [count V] did not finally dispose of all claims below between the plaintiff Dade County PBA and the defendants Dade County and Metropolitan Life, because a breach of contract claim *8 [count IV] involving the same parties was not finally disposed of below and still remains pending. The dismissal of the civil theft claim was therefore not a final order appealable to this court under Article V, Section 4(b)(1) of the Florida Constitution. S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla. 1974). The dismissal is also not among the non-final orders made appealable to this court under Article V, Section 4(b)(1), of the Florida Constitution as implemented by Fla.R.App.P. 9.130(a). We, accordingly, dismiss this appeal for lack of jurisdiction.
Turning to the class action claims contained in the first three counts of the complaint, we conclude that these claims do not properly plead a valid class action. It is alleged in the complaint, as class representation allegations, that the individual plaintiffs are members of a class too numerous to be set forth. The class, as alleged, consists of full-time salaried employees of Dade County and their dependents who participated in the life and accidental death insurance plan provided by Dade County to its employees from at least 1965 through the present. It is also alleged that the class consists of all persons who are Dade County employees and who, either alone or with dependent family members, participated in the life and accidental death group insurance program offered by their employer Dade County and who contributed to the premium costs of the insurance through payroll deductions.
The gist of the class action claims is that Dade County and the four insurance companies which underwrote the county's health insurance and life and accidental death insurance plans from 1965 to date [Blue Cross, Blue Shield, American Bankers Life and Metropolitan Life] engaged in a certain scheme. Under the alleged scheme, county employees who participated in the life and accidental death insurance plan from 1965 to date were overcharged premiums for the plan. The excess premiums were then allegedly diverted on various dates in various sums to Blue Cross, Blue Shield and Dade County.
It is further asserted, as a legal conclusion, that the claims of the individual plaintiffs are typical of the claims of all members of the class and that the individual plaintiffs can adequately protect the interests of all such members. The allegations in the complaint which seek to plead this essential requirement of a class action are in their entirety as follows:
"13. The claims of Plaintiffs SEIDEN, WILLIS, McMAHON, BROWN and CEGELIS are typical of the claims of each member of the class.
14. Each of the individual Plaintiffs can fairly and adequately protect and represent the interests of each member of the class as well as his own interests."
The third amended complaint, which the plaintiffs did not seek to amend below, fails to allege a proper class action as required by Fla.R.Civ.P. 1.220(c)(2)(C), (D)(iii), which provides in relevant part:
"(c) Pleading Requirements. Any pleading, counterclaim or crossclaim alleging the existence of a class shall contain the following:
... .
(2) Under a separate heading, designated as `Class Representation Allegations,' specific recitation of:
... .
(C) the particular facts and circumstances that show the claim or defense advanced by the representative party is typical of the claim or defense of each member of the class;
(D) ... (iii) the particular facts and circumstances that show the representative party will fairly and adequately protect and represent the interests of each member of the class."
Paragraphs 13 and 14 of the third amended complaint, as quoted above, fail to comply with the above rule requirements as these paragraphs plead no facts and circumstances showing that the plaintiffs' individual claims are typical of the claims of each member of the class and that the plaintiffs can fairly and adequately protect and represent the interests of each member of the *9 class. These paragraphs merely plead legal conclusions and plainly that is insufficient to satisfy the rule requirements. See Frankel v. City of Miami Beach, 340 So.2d 463, 469 (Fla. 1976). The third amended complaint, therefore, fails to plead a class action under the above-stated rule requirements and was properly dismissed below.
As previously noted, the plaintiffs made no effort to move to amend the third amended complaint so as to add additional factual allegations which might satisfy the above rule requirements. They stood on the complaint as pled and have taken an appeal from the dismissal of that complaint. Contrary to the plaintiffs' contention on appeal, a trial court does not err in failing to award a plaintiff an opportunity to amend his complaint when, as here, the record does not reveal a request for such an amendment. Nesbitt v. City of Miami, 314 So.2d 806 (Fla. 3d DCA 1975); Pletts v. Pletts, 258 So.2d 297 (Fla.3d DCA 1972).
The failure of the plaintiffs to plead a proper class action as required by Fla.R. Civ.P. 1.220(c)(2)(C), (D)(iii) is particularly fatal in this case. There exists, we think, serious doubt as to whether these individual plaintiffs, as Dade County employees, have claims which are typical of every member of the class as alleged and could adequately protect the interests of each member of this class. According to the complaint, at least some of the alleged overcharged premiums [$350,000 since December 1978] on the group life and accidental death insurance plan "were used to subsidize the group health insurance premiums." [para. 29(g)]. Some of the members of the class, as alleged, might very well have also participated in the aforesaid health insurance plan and consequently may have been benefited by the transfer of premiums to the group health insurance program. A serious question is therefore raised as to whether there exists a conflict of interests among members of the alleged class. It was therefore imperative that the plaintiffs clearly plead facts and circumstances showing that their claims were typical of each member of the class and that they could adequately represent each member of the class as required by Fla.R.Civ.P. 1.220(c)(2)(C), (D)(iii).
For the above-stated reasons, we affirm the dismissal of the class action claims in this case. We also dismiss the appeal taken from the order dismissing the civil theft claim as to the Dade County PBA.
Affirmed in part; dismissed in part.
DANIEL S. PEARSON, Judge, concurring in part; dissenting in part.
I concur in that part of the majority opinion which determines that we have no jurisdiction over the appeal from the dismissal of Count V, the civil theft claim. I dissent from the remainder of the opinion which affirms the dismissal of the class action claims contained in the third amended complaint.
According to the majority, the deficiencies of the class action claims lie only in the plaintiffs' failure to allege "the particular facts and circumstances that show the claim ... advanced by the representative party is typical of the claim ... of each member of the class" and "the particular facts and circumstances that show the representative party will fairly and adequately protect and represent the interests of each member of the class." To demonstrate these deficiencies, the majority points to paragraphs 13 and 14 of the third amended complaint, which allege in concededly conclusory fashion that the claims of the plaintiffs are typical of the claims of the class and that the plaintiffs can fairly and adequately protect and represent the class. These conclusions, however, are not plucked out of thin air. Instead, they are based on facts and circumstances alleged elsewhere in the complaint which, in my view, amply support the conclusions and satisfy the requirements of Florida Rule of Civil Procedure 1.220(c)(2)(C) and (D)(iii).
The complaint alleges that the class representatives "are full-time salaried county employees who presently participate and/or previously participated in the insurance program provided by [the] COUNTY"; and that the named class representatives *10 are members of a class consisting of "those persons who were and are full-time salaried employees of the COUNTY and their dependents who participated in the life and accidental death insurance plan provided by Defendant COUNTY from at least 1965 through the present" and "contributed to the premium costs of the insurance through payroll deductions." The complaint goes on to allege that for the reasons set out in the complaint, that is, the allegations specifying the typicality of the plaintiffs' claims and detailing the common questions of law and fact, for which claims the plaintiffs retained counsel and filed suit on behalf of all members of the class, the plaintiffs will fairly and adequately protect and represent the interests of the class members.
The majority's speculation that some members of the defined class "might very well have also participated in the ... health insurance plan and consequently may have benefited by the transfer of premiums to the group health insurance program" is hardly a basis for affirming a pre-discovery dismissal of a class action. But even were it to later appear that the class as presently defined includes members who were not damaged by the defendants' alleged actions, the appropriate remedy would not be dismissal, but instead a narrowing of the class being represented by the plaintiffs so as to exclude the undamaged members. See Aetna Life Insurance Company v. DeAngelis, 317 So.2d 106 (Fla. 3d DCA 1975).

ON REHEARING
PER CURIAM.
The plaintiffs have filed a motion for rehearing in which they correctly point out that they orally requested and were denied an opportunity below to file an amended complaint at the hearing wherein the third amended complaint was dismissed, and that we were in error in stating otherwise in our original opinion. The plaintiffs, however, in no way indicated to the trial court, either orally or in writing, how they wished to amend their class action allegations, having already failed in four separate complaints to plead a proper class action under Florida law. Moreover, it is extremely dubious, for reasons already developed, that such a proper class action could ever have been pled in this cause, given the apparent conflict of interests among members of the alleged class. Under these circumstances, then, we think the trial court did not abuse its discretion in denying the plaintiffs a fifth opportunity to amend their complaint herein. Price v. Morgan, 436 So.2d 1116 (Fla. 5th DCA 1983); Alvarez v. DeAguirre, 395 So.2d 213, 216 (Fla. 3d DCA 1981); Smith v. Barnett Bank of Murray Hill, 350 So.2d 358, 359 (Fla. 1st DCA 1977); United States v. Florida, 179 So.2d 890 (Fla. 3d DCA 1965).
We have reviewed the other grounds urged by the plaintiffs for a rehearing in this cause and find them to be without merit. The plaintiffs' motion for rehearing is accordingly
Denied.
DANIEL S. PEARSON, J., dissents.