GOSHORN, Judge.
The father appeals from the order sua sponte dismissing his child custody complaint for lack of jurisdiction based on the father’s failure to provide the Uniform Child Custody Jurisdiction Act (“UCCJA”) affidavit required by section 61.132(1), Florida Statutes (1993).[1] We affirm.
The father’s complaint, filed only four months after the children moved to Hawaii, alleged that the children had lived in Orlando since their births and that the mother had removed them to Hawaii to conceal their whereabouts. The mother filed a pro se answer informing the court that she had sought assistance from the “Legal Aid of Hawaii Department” and that she feared for her children’s safety. She did not dispute the father’s allegation that “the minor children of the parties resided in Orange County, Florida until May 1993.” The father argues that the undisputed allegation of the complaint is sufficient to demonstrate the court’s jurisdiction when coupled with the fact that neither Mitchell, in her pro se letter, nor HRS, in its support action, raised any question as to the court’s jurisdiction. He also asserts that there is no problem with interstate involvement in this case. Relying on In the Interest of T.L. v. State, Department of Health & Rehabilitative Services, 392 So.2d 288 (Fla. 5th DCA1980), the father contends that reversal is required.
In T.L., this court held that while the trial court erred in not requiring the UCCJA information to be filed, the error was “not sufficient to deprive the court of jurisdiction because there was other competent evidence from which the court could determine that it had jurisdiction and the information was filed in time for the court’s consideration.” Id. at 290. The same cannot be said for the instant case.
In reviewing the limited record in this matter, we find that while the complaint was sworn to, it did not contain all the information required by section 61.132. Further, there is indication that the mother will be or has involved Hawaii’s legal system. She alleges that the father is guilty of child sexual abuse and that she has sought the assistance *811 of the family court in Hawaii. Thus, unlike T.L., here the requisite information was never, even belatedly, filed and there is no reasonable assurance that there will not be interstate considerations.
Had the father simply sought to amend his complaint,[2] the failure to timely file the required information could have been cured:
Thus, a court may nevertheless validly exercise its jurisdiction if the omitted information is timely supplied by amendment of the pleading, or by affidavit annexed to a motion to amend, provided of course that the information so supplied satisfies the requirements of section 61.1308.... It is clear that a principal purpose of requiring that this information be furnished with the initial pleading is to insure that it is timely furnished to the opposing party well in advance of hearing, although a court should accord substantial liberality in granting leave to amend (with timely service on the opposing party) to correct the eiTor of omission. Service upon the defending party is essential because that party might well determine to forego making an appearance in an inconvenient forum in a foreign state court when this jurisdictional requirement has not been satisfied by the plaintiff, since the defending party has the well-established right to contest this jurisdictional deficiency at a later time if the plaintiff should attempt to enforce a custody decree so obtained in the defendant party’s state of residence.
Walt v. Walt, 574 So.2d 205, 213 (Fla. 1st DCA 1991). However, the father failed to move for rehearing or otherwise seek an opportunity to amend and/or file the necessary affidavit. Thus, the dismissal cannot be held erroneous. See Dade County Police Benevolent Ass’n v. Metropolitan Dade County, 452 So.2d 6 (Fla. 3d DCA 1984) (holding that a trial court will not be held to have erred in failing to award plaintiffs the opportunity to amend their complaint when the record does not reflect that they requested to amend), petition for review denied, 461 So.2d 114 (Fla.1985).
AFFIRMED.
W. SHARP, and DIAMANTIS, JJ., concur.

. Section 61.132(1) requires:
(1) Every party in a custody proceeding, in his first pleading or in an affidavit attached to that pleading, shall give information under oath as to the child's present address, the places where the child has lived within the last 5 years, and the names and present addresses of the persons with whom the child has lived during that period. In this pleading or affidavit every party shall further declare under oath whether:
(a) He has participated as a party or witness or in any other capacity in any other litigation concerning the custody of the same child in this or any other state;
(b) He has information of any custody proceeding concerning the child pending in a court of this or any other state; and
(c) He knows of any person not a party to the proceedings who has physical custody of the child or claims to have custody or visitation rights with respect to the child.

. Florida Rule of Civil Procedure 1.190(a) provides that "[l]eave of court shall be given freely when justice so requires.” Subsection (e) of that same rule similarly provides that ”[a]t any time in furtherance of justice, upon such terms as may be just, the court may permit any process, proceeding, pleading, or record to be amended or material supplemental matter to be set forth in an amended or supplemental pleading.”