ANTOON, Judge.
This is an appeal from an order of dependency adjudication finding C.C. to be a dependent child pursuant to chapter 39 of the Florida Statutes (1993), and placing her in foster care. The petition for dependency was initiated by C.C. who at the time was seventeen years old. C.C.’s parents appeal, contending that reversal of the dependency order is required because the trial court erred in two respects; namely, (1) by failing to advise them of their right to counsel; and, (2) by failing to set forth sufficient findings of fact in support of the dependency order. Because these arguments are without merit, we affirm.
Concerning the parents’ first claim that the trial court erred in failing to advise them of their right to counsel, Rule 8.320 of the Florida Rules of Juvenile Procedure provides, in pertinent part:
RULE 8.320 PROVIDING COUNSEL TO PARTIES
(a) Duty of the Court.
(1) At each stage of the dependency proceeding the court shall advise the parent, guardian, or custodian of the right to have counsel present.
(2) The court may and upon request shall appoint counsel to insolvent persons who are so entitled as provided by law.
(3) The court shall ascertain whether the right to counsel is understood.
(b) Waiver of Counsel.
(1) No waiver of counsel shall be accepted where it appears that the party is unable to make an intelligent and understanding choice because of age, education, experience, the nature or complexity of the case, or other factors.
(2) A waiver of counsel made in court shall be of record. The court shall question the party in sufficient detail to ascertain that the waiver is made knowingly, intelligently, and voluntarily.
The parents’ argument claiming reversible error is difficult to follow. The parents maintain that the trial court erred in not advising them of their right to counsel yet the record demonstrates that they had counsel present at each phase of these proceedings except the dispositional hearing where they had voluntarily discharged their attorney in open court clearly indicating that they were “going to take over”. In this regard, the parents and their attorney appeared at the arraignment on the petition for dependency on October 31, 1994. At the arraignment, with the assistance of their attorney, the parents entered a plea agreeing to a finding of dependency. When the parents later appeared for the disposition hearing on December 8, 1994, they informed the trial court that they had discharged the attorney who had represented them at the arraignment, whereupon the court continued the hearing for a week so that the parents would have additional time to secure legal representation. The parents appeared for the December 15 hearing accompanied by their new attorney who filed a motion requesting that the parents be allowed to withdraw their plea. The trial court granted the motion, and rescheduled the adjudicatory hearing for December 29, 1994. Following the adjudicatory hearing, the trial court found C.C. to be dependent and set a dispositional hearing for January 4, 1995. The parents and their attorney appeared at the January 4 hearing, but the attorney announced that the parents had dismissed him. Mrs. Courtney confirmed this:
MRS. COURTNEY: We’re going to take over at this point, Your Honor.
JUDGE: If that’s your desire.
MRS. COURTNEY: Yes, ma’am.
The issue of legal representation was again brought up by the attorney for C.C.’s guardian:
ATTORNEY FOR THE GUARDIAN: Yes, Your Honor. We just want to know, are the Courtneys going to be represented by counsel again? Or, if they’re not, have they signed a waiver of counsel?
*506 MRS. COURTNEY: No, we’re not going to be represented.
The trial court then proceeded with the dis-positional hearing and entered an order finding dependency and making disposition. A hearing was set for February 28, 1995 for a case plan review at which time the parents appeared with another attorney.
It is evident from this record that the parents fully understood their right to counsel since they hired and fired several attorneys throughout these proceedings. It seems that the only possible complaint that the parents could make is that the trial court failed to enter into a detailed colloquy regarding the parents’ election to forgo counsel at the dispositional hearing. We conclude that the court’s failure to question the parents regarding their decision to proceed without an attorney is not reversible error under these facts because the trial court no doubt was convinced that the parents understood their rights when they elected to represent themselves in the final stage of the proceeding having had significant involvement with the parents during the proceedings leading up to the dispositional hearing, especially with regard to their understanding of their right to counsel. See T.L. v. State, Department of Health and Rehabilitative Services, 392 So.2d 288 (Fla. 5th DCA 1980).
As for the parents’ second argument that the trial court erred by failing to set forth sufficient findings of fact in support of the dependency order, section 39.409, Florida Statutes (1991) requires only that the trial court “briefly” recite the factors upon which the finding of dependency is made:
39.409 Orders of adjudication.—
⅜ * * * ⅜ *
(3) If the court finds that the child named in a petition is dependent ... it shall incorporate that finding in an order of adjudication entered in the case, briefly stating the facts upon which the finding is made, and the court shall thereafter have full authority under this chapter to provide for the child as adjudicated.
(Emphasis added). In its written order of adjudication, the trial court set forth the facts upon which it based the finding of dependency. Thus, the record demonstrates that the trial court complied with this requirement. Accordingly, we reject this claim of error as meritless.
Finding no reversible error, we affirm.
DAUKSCH and THOMPSON, JJ., concur.